T.C. Memo. 2003-46

UNITED STATES TAX COURT

GARY JAMES COPELAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9305-02L.          Filed February 25, 2003.

Gary James Copeland, pro se.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under

section 6673[1] (respondent's motion).[2]  We shall grant respondent's motion.

Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Henderson, Nevada, at the time he filed the petition in this case.

On or about April 15, 1998, petitioner filed a Federal income tax (tax) return for his taxable year 1997 (1997 return). In his 1997 return, petitioner reported total income of $0, total tax of $0, and claimed a refund of $238.11 of tax withheld. Petitioner attached a two-page document to his 1997 return (petitioner's attachment to his 1997 return).  That document, as completed by petitioner, stated in pertinent part:

> I, <u>Gary J. Copeland</u> am submitting this as part of my
> 19<u>97</u> income tax return
>
> Even though I know that no section of the Internal
> Revenue Code:
>     1) establishes an income tax "liability" as, for
> example, Code Sections 4401, 5005, and 5703 do with
> respect to wagering, alcohol, and tobacco taxes;
>     2) provides that income taxes "have to be paid on
> the basis of a return"-as, for example, Code Sections
> 4374, 4401(c), 5061(a) and 5703(b) do with respect to
> other taxes;

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

I am filing anyway, because I know that the government has prosecuted others for failing to file income tax returns by (erroneously) invoking Code Sections 7201 and 7203. Therefore, this return is not being filed voluntarily, but is being filed out of fear that if I did not file this return, I could also be (illegally) prosecuted for failing to file an income tax return for the year 1997.

3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in a 1040 booklet clearly informs me that I am not required to file. It does so in at least two places.

a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return;

b) In another place, it directs me to Code Section 6001. This section provides, in relevant part, that "Whenever in the judgment of the Secretary it is necessary, he may require any person by notice served upon such person; or by regulations, to make such returns, render such statements, or keep such records, as the Secretary deems sufficient to show whether or not such person is liable for the tax under this title." Since the Secretary of the Treasury did not "serve" me with any such "notice" and since no legislative regulation exists requiring anyone to file an income tax return, I am again informed by the "Privacy Act Notice" that I am not required to file an income tax return.

    *      *      *      *      *      *      *

7) It should also be noted that I had "zero" income according to The Supreme Court's definition of income * * * since in Merchant's Loan & Trust Co v. Smietanka, 225 U.S. 509, (at pages 518 & 519) that court held that "The word (income) must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act of 1909." Therefore, since I had no earnings in 1997 that would have been taxable as "income" under the Corporation Excise Tax Act of 1909, I can only swear to having "zero" income in 1997. Obviously, since I know

the legal definition of "income", if I were to swear to
having received any other amount of "income", I would
be committing perjury * * *.  So, not wishing to commit
perjury * * * I can only swear to having "zero" income
for 1997.  [Reproduced literally.]

On or about April 15, 1999, petitioner filed a tax return
for his taxable year 1998 (1998 return).  In his 1998 return,
petitioner reported total income of $0 and total tax of $0.
Petitioner attached a three-page document to his 1998 return
(petitioner's attachment to his 1998 return), which was very
similar to petitioner's attachment to his 1997 return.

On August 3, 2000, respondent issued to petitioner a notice
of deficiency (notice) with respect to his taxable years 1997 and
1998, which he received.  In that notice, respondent determined a
deficiency in, and an accuracy-related penalty under section 6662
on, petitioner's tax (1) for his taxable year 1997 in the respec-
tive amounts of $2,104 and $421 and (2) for his taxable year 1998
in the respective amounts of $2,021 and $404.

Petitioner did not file a petition in the Court with respect
to the notice relating to his taxable years 1997 and 1998.
Instead, on October 30, 2000, in response to the notice, peti-
tioner sent a letter (petitioner's October 30, 2000 letter) to
the Internal Revenue Service.  That letter stated in pertinent
part:

Your Deficiency Notice dated August 3, 2000

According to your "Deficiency Notice" of above
date (cover sheet [page 1 of notice with respect to

petitioner's taxable years 1997 and 1998] attached), there is an alleged deficiency with respect to my 1997 & 1998 income taxes of $2,104.00 & $2021.00 respectively, and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court." Before I file, pay, or do anything with respect to your "Notice," I must first establish whether or not it was sent pursuant to law, whether or not it has the "force and effect of law," and whether you had any authority to send me the notice in the first place.

 *  *  *  *  *  *  *

Let me further point out that IR Code Sections 6001 and 6011 (as identified in the 1040 Privacy Act) notify me that I need only "comply with regulations." Nothing in the Privacy Act Notice or in the above statutes informs me that I have to "comply" with, or pay attention to, letters and/or alleged "determinations" sent to me by various and sundry employees of the IRS.

Please note that Section 6212 states that "If the Secretary determines that there is a deficiency in respect of any tax ... he is authorized to send notice of such deficiency, etc., etc., etc." However, the "Notice" I received was not sent by the Secretary, but by James J. Walsh, who is identified as being the District Director in Phoenix, AZ, and I have no way of knowing whether he has been delegated by the Secretary to send out such notices on the Secretary's behalf. So before I do anything at all with respect to your "Notice," I would have to see a Delegation Order from the Secretary of the Treasury delegating to James J. Walsh, the authority to send out Deficiency Notices.

In addition, I would also like you to send me (or identify for me) the legislative regulations that you claim implement Code Sections 6212 and 6213. I have also attached an excerpt from the IRS Procedures Manual * * * which points out that the IRS is required to "make available to all taxpayers comprehensive, accurate, and timely information on the requirements of tax law and regulations." So, pursuant to this provision from your Procedures Manual, I am asking that you identify ("make available") for me the legislative regulations that you claim implement both Code Sections

6212 and 6213, since I have not been able to locate
them.

Without your furnishing me with these documents
and information, I will be unable to "ascertain" * * *
whether the individual who sent me the Deficiency
Notice was authorized to do so, and whether I am le-
gally required to take any notice of it. * * *
[Reproduced literally.]

On January 8, 2001, respondent assessed petitioner's tax, as
well as any penalties and interest as provided by law, for each
of his taxable years 1997 and 1998. (We shall refer to those
assessed amounts, as well as interest as provided by law accrued
after January 8, 2001, as petitioner's unpaid liabilities for
1997 and 1998.)

On January 8, 2001, respondent issued to petitioner a notice
of balance due with respect to petitioner's unpaid liabilities
for 1997 and 1998.

On August 14, 2001, respondent issued to petitioner a final
notice of intent to levy and notice of your right to a hearing
(notice of intent to levy) with respect to his taxable years 1997
and 1998. On or about September 10, 2001, in response to the
notice of intent to levy, petitioner filed Form 12153, Request
for a Collection Due Process Hearing (Form 12153), and requested
a hearing with respondent's Appeals Office (Appeals Office).
Petitioner attached a document to his Form 12153. That document
stated in pertinent part:

I am requesting a "Due Process Hearing" as out-
lined in From 12153. I am "challenging the appropri-

ateness of (the) collection action" as specified 6330(c)(2)(A)(ii). If any IRS employee attempts to deny me the "Due Process Hearing" guaranteed to me by law, or recommends that seizure action be taken without producing the documentation required by sections 6320 and 6330, or without addressing the issues provided for in these Code Sections, I will seek damages * * * and seek that employees termination * * *.

I am requesting to see copies of the following documents:

1) A copy of the statutory "Notice and Demand"
2) A copy of the record of my assessments. And since Code Section 6201(a)(1) and IRS Transaction Code 150 states "all assessments have to be based on filed returns" I will have to see a copy of the returns from which any claimed assessments are based.
3) The name or names of the IRS employees who imposed the "frivolous" penalty along with their Federal ID number.
4) The delegation of authority from the Secretary authorizing such persons to impose a "frivolous" penalty.
5) The official job description(s) of those IRS employees who imposed the "frivolous" penalty.
6) Code Section 6001 and 6011 (which are specifically mentioned in the Privacy Act Notice in the 1040 booklet) advise the public that they need only to "comply with regulations," I am requesting that you also have at the hearing the Treasury regulation that allows IRS employees to impose the "frivolous" penalty, and the regulation that requires me to pay it.
7) Lastly, I will be challenging the existence of the underlying tax liability, which Code Section 6330(c)(2)(b) specifically authorizes me to do.

In lieu of producing these specified documents listed above, "verification from the Secretary (of the Treasury) that the requirements of any applicable law or administrative procedures have been met", will be acceptable. But the appeals officer better have either the documents as identified above, or "verification from the Secretary". If the appeals officer can not produce neither document, than no Due Process Hearing should be scheduled until he has those documents in hand. * * * [Reproduced literally.]

On April 22, 2002, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. At the Appeals Office hearing, the Appeals officer relied on Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to each of petitioner's taxable years 1997 and 1998.

On May 7, 2002, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

> The Secretary has provided you with sufficient verification that the requirements of any applicable law or administrative procedures have been met.
>
> You requested a Collection Due Process Hearing under IRC 6330 opposing levy action. Your Request for a Collection Due Process was timely filed and you are entitled to judicial review.
>
> The case was assigned to Tony Aguiar, Appeals Officer, who had no prior involvement with respect to the disputed tax liability.
>
> The levy notice reflects a liability for income taxes owed for 1997 and 1998. Zero type income tax returns were filed for 1997 and 1998. Statutory Notices of Deficiency were sent to you for both years on August 3, 2000. You responded to the sent Statutory Notice of Deficiency with your interpretation of the tax laws. You were given an opportunity to petition the United States Tax Court and choose not to. The Statutory Notice of Deficiency defaulted and an assessment was made. The assessment made is valid. The assessment has been made and notice and demand letters were issued by regular mail to your last known address as required and demonstrated by forms 4340s in the administrative file.

You have not challenged the appropriateness of the levy action.  At your Collection Due Process Hearing you spoke about whether the assessment made was done so by one delegated with the authority to do so.  You stated you do not believe you received a proper Statutory Notice of Deficiency for the Secretary of the Treasury did not sign it.  I explained it [sic] the Statutory Notice of Deficiency does not have to be signed by the Secretary of the Treasury to be valid.  You have been previously given an opportunity to contest the amount assessed as income tax.  Due to fact you have had a previous opportunity the underlying liability is not to be considered under the Collection Due Process.

Review of the information stated above and now present in the administrative file shows the requirements of all applicable laws and administrative procedures have been met.  Assessments were properly made.  You were billed and did not pay the amounts due.  Collection proceeded with enforced collection and they should be allowed to continue.

It is Appeals determination that the proposed collection action balances the need for efficient collection of taxes with the legitimate concern that collection action is no more intrusive than necessary.

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

With respect to petitioner's taxable years 1997 and 1998, petitioner received a notice of deficiency, but he did not file a petition with respect to that notice.  In the petition, petitioner admits that he received the notice of deficiency and

alleges that "the deficiency notice Petitioner received was **invalid**, because it was not sent out by the Secretary as required by Code Section 6212." On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's unpaid liabilities for 1997 and 1998.[3] See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).

Where, as is the case here, the validity of the underlying tax liabilities is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

As was true of petitioner's attachment to his 1997 return, petitioner's attachment to his 1998 return, petitioner's October 30, 2000 letter, and petitioner's attachment to Form 12153, the petition contains contentions, arguments, and requests that the Court finds to be frivolous and/or groundless. To illustrate, petitioner contends in the petition that respondent failed to issue petitioner the notice and demand for payment required by section 6303(a). We reject that contention. Forms 4340 with respect to petitioner's taxable years 1997 and 1998 show that

---

[3]We note that, pursuant to Rule 37(c), petitioner is deemed to have admitted that he may not challenge the existence or the amount of his unpaid liabilities for 1997 and 1998 because he received a notice of deficiency with respect to those years.

respondent sent petitioner a notice of balance due on January 8, 2001, the same day on which respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for each of those years. A notice of balance due constitutes the notice and demand for payment under section 6303(a). Craig v. Commissioner, 119 T.C. 252, 262-263 (2002).

As a further illustration of the frivolous and/or groundless nature of petitioner's position in this case, petitioner contends in the petition that the Appeals officer failed to obtain and to produce verification that the requirements of any applicable law or administrative procedure have been met, as required by section 6330(c)(1). The record establishes that the Appeals officer obtained verification from the Secretary that the requirements of any applicable law or administrative procedure were met, and we reject petitioner's contention to the contrary. At the Appeals Office hearing, the Appeals officer relied on Forms 4340 with respect to petitioner's taxable years 1997 and 1998. Section 6330(c)(1) does not require the Appeals officer to rely on a particular document to satisfy the verification requirement imposed by that section. Craig v. Commissioner, supra at 261-262. Nor does section 6330(c)(1) require the Appeals officer to provide petitioner with a copy of the verification upon which the Appeals officer relied. Id. at 262. Form 4340 is a valid verification that the requirements of any applicable law or

administrative procedure have been met. <u>Id.</u> Petitioner has not shown any irregularity in respondent's assessment procedure that would raise a question about the validity of the assessments or the information contained in Forms 4340 with respect to petitioner's taxable years 1997 and 1998. We hold that the assessments with respect to petitioner's taxable years 1997 and 1998 were valid and that the Appeals officer satisfied the verification requirement of section 6330(c)(1). See <u>id.</u>[4]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined

---

[4]We shall not specifically address any additional matters, such as the following, which petitioner asserts in his petition, all of which, as indicated above, the Court finds to be frivolous and/or groundless:

> 6) * * * But in any case, Petitioner pointed out to the appeals officer, if he would simply identify for Petitioner the statute that established Petitioner's income tax "liability"; Petitioner would pay the taxes and penalties at issue without further adieu. * * *

> 7) Petitioner asked the appeals officer to identify for Petitioner the statute that required Petitioner "to pay" the income taxes at issue. Even though the existence of such a statute was a "relevant issue relating to the unpaid tax," as stated in 6330(c)(2)(A). Despite the law specifically providing that this issue could be raised (since it is obviously a "relevant issue." What could be more relevant?) the appeals officer refused to identify any such statute. * * *

in the notice of determination with respect to petitioner's taxable years 1997 and 1998.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

We have considered all of petitioner's contentions, argu-

ments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An appropriate order granting respondent's motion and decision will be entered for respondent.