T.C. Memo. 2003-69

UNITED STATES TAX COURT

MICHAEL D. KEOWN AND ROSANN C. KEOWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16173-02L.                    Filed March 13, 2003.

Michael D. Keown and Rosann C. Keown, pro sese.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on
respondent's motion for summary judgment and to impose a penalty

under section 6673[1] (respondent's motion).[2]  We shall grant
respondent's motion.

### Background

The record establishes and/or the parties do not dispute the
following.

Petitioners resided in Henderson, Nevada, at the time they
filed the petition in this case.

On August 17, 2000, petitioners filed jointly a Federal
income tax (tax) return for their taxable year 1999 (1999 joint
return).  In their 1999 joint return, petitioners reported total
income of $123,867 and tax due of $18,410.  Although petitioners
attached to their 1999 joint return Form 1040-V, Payment Voucher,
reflecting a payment of $18,410, they did not remit any such
payment with that return.

On September 11, 2000, respondent assessed petitioners' tax,
as well as any penalties and interest as provided by law, for
their taxable year 1999.  (We shall refer to any such unpaid
assessed amounts, as well as interest as provided by law accrued
after September 11, 2000, as petitioners' unpaid liability for
1999.)

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

[2]Although the Court ordered petitioners to file a response
to respondent's motion, petitioners failed to do so.

On September 11, 2000, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid liability for 1999.

On or about September 20, October 25, and November 29, 2000, and January 28 and March 27, 2001, petitioners sent respondent payments totaling $2,457 with respect to petitioners' unpaid liability for 1999. Petitioners did not make any payments after March 27, 2001, with respect to that unpaid liability.

On November 8, 2001, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to their taxable year 1999. On December 4, 2001, in response to the notice of intent to levy, petitioners filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioners attached, inter alia, a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

On August 28, 2002, a settlement officer with respondent's

_____

[3]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachment to Form 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

Appeals Office (settlement officer) held an Appeals Office hearing with petitioner Michael D. Keown (Mr. Keown)[4] with respect to the notice of intent to levy. At the Appeals Office hearing, the settlement officer gave Mr. Keown Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to petitioners' taxable year 1999.

On September 12, 2002, the Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) to Mr. Keown and a separate notice of determination to Ms. Keown. (We shall refer collectively to those two notices as petitioners' notices of determination). An attachment to each such notice of determination stated in pertinent part:

**What is the Issue?**

The taxpayers requested a hearing under the provisions of IRC 6330 to contest the intent to levy notice, Letter LT-11.

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that all legal and procedural requirements have been met. Appeals has reviewed computer transcripts verifying the assessment.

An assessment was made and the taxpayers were issued notice and demand letters by regular mail, to the taxpayers' last known address, as required under IRC 6303. They neglected or refused to pay. The notices required under IRC 6331(d) and IRC 6330 were combined

---

[4]Petitioner Rosann C. Keown (Ms. Keown) did not appear at the Appeals Office hearing held on Aug. 28, 2002.

in Letter LT-11, dated 11/08/2001, which was mailed certified to the taxpayers' last known address. The taxpayers responded with Form 12153, Request for a Collection Due Process Hearing, which was received 12/05/2001. The taxpayers' appeal was timely. The taxpayers are entitled to judicial review. Appropriately, TC520/77 was input, staying collection. This is a levy issue only. No Notice of Federal Tax Lien has been filed.

The taxpayer appeared in person for his Collection Due Process hearing, his spouse chose to work instead of coming to the hearing. Settlement Officer Mike Freitag conducted the hearing and Settlement Officer Donna Fisher was also in attendance.

At the hearing the taxpayer was asked if he had any recording devices. He said he did not have one and was again reminded that no recording of Appeals hearings was allowed.

Settlement Officer Mike Freitag has had no prior involvement with respect to these tax liabilities.

**Issues Raised by the Taxpayer**

The taxpayer and his wife timely filed their joint income tax return for 1999, showing taxable earnings, attaching their W-2 forms and showing tax due on the return. At the hearing the taxpayer was asked to point out any irregularities in the making of the assessment. He stated he couldn't point out any irregularities and thought that the return was correct at the time of filing, but continued with his non-filer arguments.

When the taxpayers were mailed Letter LT-11, Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing, the taxpayers responded with Form 12153, attaching several page [sic] of non-filer arguments.

At the hearing Appeals provided the following documents:

    a) A copy of the memorandum of 5/2/02 stating audio and stenographic recordings of Appeals cases will no longer be allowed;

    b) Copies of the forms 2866 to which the forms

4340, Certificate of Assessment, are annexed for the period in dispute;

c) A copy of Section 6673 of the I.R.C., showing that the Tax Court can impose sanctions of up to $25,000 when a taxpayer institutes litigation before it primarily for delay or based on a frivolous position;

d) A copy of the case <u>Davis v. Comm</u>., T.C. Memo [sic] 2001-87, in which it shows that the court imposed sanctions of $4,000 against the taxpayer for raising frivolous arguments in a CDP case;

e) A copy of the case <u>Perry v. Comm</u>., T.C. Memo [sic] 2002-165, in which the court imposed sanctions of $2,500 against the taxpayer for raising frivolous arguments in a CDP case;

    *       *       *       *       *       *       *

Upon receipt of the first court opinion, he stated the courts were a separate issue and when Appeals tried to explain that the court could impose sanctions, he stated that would be like "squeezing the turnip."

The taxpayer was asked if he were [sic] interested in collection alternatives such as an offer in compromise, or an installment agreement, and was reminded that all returns due to date must be appropriately filed for an offer to be considered, or for an installment agreement. According to IRS computer records, the taxpayers have not filed returns for 2000-2001. The taxpayer claims the returns have been filed showing zero income. He was asked if he had wages and he said yes, but stated he did not believe that wages were taxable income and he was unwilling to discuss collection alternatives. Collection issues could not be discussed with Rosann Keown as she did not attend the hearing.

The taxpayer raised no non-filer issues. The information previously submitted by the taxpayers was reviewed, and Rosann Keown raised no non-filer issues.

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

The requirements of all applicable laws and administrative procedures have been met. The taxpayers received their required notices. At the hearing, Appeals raised

collection alternatives with Michael Keown, but he was not interested. Given the taxpayers' continued non-compliance, the government should be allowed to proceed with its proposed enforcement action, its intent to levy. Lacking the taxpayers' cooperation, the proposed collection action balances the need for efficient collection with the taxpayer's [sic] concern that any collection action be no more intrusive than necessary.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Although petitioners did not receive a notice of deficiency with respect to their taxable year 1999, the contentions that petitioners raised at their Appeals Office hearing and in their petition with respect to petitioners' unpaid liability for 1999 are that they "had no statutory income to report", that wages are not income, and that

no section makes them liable for tax.  The Court finds those contentions to be frivolous and groundless.

We now turn to the remaining issues that petitioners raised at their Appeals Office hearing and in the petition with respect to petitioners' notices of determination, which we shall review for abuse of discretion.  Sego v. Commissioner, supra; Goza v. Commissioner, supra.  We find all those remaining issues to be frivolous and/or groundless.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in petitioners' notices of determination with respect to peti- tioners' taxable year 1999.

In respondent's motion, respondent requests that the Court require petitioners to pay a penalty to the United States pursu- ant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or ground- less, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposi-

tion of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $3,200.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.[5]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

> An appropriate order granting respondent's motion and decision will be entered for respondent.

---

[5]We note that petitioners allege in the petition that, "by not allowing Petitioner to make an adequate record of the CDP hearing", respondent violated sec. 7521(a)(1). We shall not address petitioners' allegation. That is because, assuming arguendo that sec. 7521(a)(1) were applicable in the case of an Appeals Office hearing under sec. 6330(b)(1), the record does not establish that petitioners complied with the requirement of sec. 7521(a)(1) that they present respondent with their request to make an audio recording of their Appeals Office hearing in advance of that hearing.