T.C. Memo. 2003-197

UNITED STATES TAX COURT

ALBERT HORTON AND RAMONA OSBORNE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13145-02L.                    Filed July 9, 2003.

Albert Horton and Ramona Osborne, pro sese.

<u>Rollin G. Thorley</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment and to impose a penalty under

section 6673[1] (respondent's motion).[2]  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners resided in Las Vegas, Nevada, at the time they filed the petition in this case.

On or about April 13, 1998, petitioners jointly filed a Federal income tax (tax) return for their taxable year 1997 (1997 joint return).  In their 1997 joint return, petitioners reported total income of $81,895, total tax of $11,677, and tax due of $3,478.  When petitioners filed their 1997 joint return, they did not pay the tax due shown in that return.

On or about April 13, 1999, petitioners jointly filed a tax return for their taxable year 1998 (1998 joint return).  In their 1998 joint return, petitioners reported total income of $78,585, total tax of $10,426, and tax due of $2,651.  When petitioners filed their 1998 joint return, they did not pay the tax due shown in that return.

On May 18, 1998, respondent assessed petitioners' tax, as

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Although the Court ordered petitioners to file a response to respondent's motion, petitioners failed to do so.

well as an addition to tax and interest as provided by law, for their taxable year 1997.[3] (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after May 18, 1998, as petitioners' unpaid liability for 1997.)

On May 31, 1999, respondent assessed petitioners' tax, as well as additions to tax and interest as provided by law, for their taxable year 1998. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after May 31, 1999, as petitioners' unpaid liability for 1998.)

On May 18, 1998, and May 31, 1999, respectively, respondent issued to petitioners notices of balance due with respect to petitioners' unpaid liability for 1997 and petitioners' unpaid liability for 1998.

On or about July 17, 2000, petitioners jointly filed an amended tax return for each of their taxable years 1997 (amended 1997 joint return) and 1998 (amended 1998 joint return).

In their amended 1997 joint return, petitioners reported total income of $0 and total tax of $0 and claimed a refund of $8,199 of tax withheld. In Part II, Explanation of Changes to Income, Deductions, and Credits, of their amended 1997 joint return, petitioners' explanation for amending that return (petitioners' explanation for their amended 1997 joint return) con-

---

[3]On Sept. 15, 1999, respondent applied a payment of $150 to petitioners' account with respect to their taxable year 1997.

tained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[4]

In their amended 1998 joint return, petitioners reported total income of $0 and total tax of $0 and claimed a refund of $7,852 of tax withheld. In Part II, Explanation of Changes to Income, Deductions, and Credits, of their amended 1998 joint return, petitioners' explanation for amending that return (petitioners' explanation for their amended 1998 joint return) contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[5]

The Internal Revenue Service (IRS) determined that petitioners' amended 1997 joint return and amended 1998 joint return were frivolous and denied the refund claimed in each such amended return.

On June 26, 2001, respondent issued to petitioners a notice of Federal tax lien filing and your right to a hearing (notice of

---

[4]Petitioners' explanation for amending their 1997 joint return contained statements, contentions, and arguments that are similar to the types of statements, contentions, and arguments contained in the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[5]Petitioners' explanation for amending their 1998 joint return contained statements, contentions, and arguments that are similar to the types of statements, contentions, and arguments contained in the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

tax lien) with respect to petitioners' unpaid liabilities for 1997 and 1998. On or about July 9, 2001, in response to the notice of tax lien, petitioners filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioners did not notify the Appeals Office in that form that they intended to make an audio recording of their Appeals Office hearing. Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

On or about May 3, 2002, a settlement officer with the Appeals Office (settlement officer) contacted petitioners by telephone and informed them that, pursuant to a directive issued on May 2, 2002, audio and stenographic recordings of Appeals Office hearings would no longer be permitted.[7]

---

[6]Petitioners' attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

[7]From 1989 until May 2, 2002, IRS Appeals had permitted audio recordings of hearings before it. See Notice 89-51, 1989-1 C.B. 691; Litigation Guideline Memorandum GL-17. On May 2, 2002, IRS Appeals, in an unpublished internal memorandum to all IRS Appeals Area Directors, ended the audio recording of conferences or hearings before it that it had previously allowed, and the

(continued...)

On May 6, 2002, the settlement officer held an Appeals Office hearing with petitioners with respect to the notice of tax lien relating to petitioners' taxable years 1997 and 1998. Petitioners secretly made an audio recording of part of their Appeals Office hearing. When the settlement officer discovered that petitioners were secretly recording their Appeals Office hearing, she asked them to stop recording the hearing and indicated that if they did not, the hearing would be terminated. Thereafter, the hearing was terminated. Prior to the Appeals Office hearing, the settlement officer gave petitioners Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to each of their taxable years 1997 and 1998.

On July 16, 2002, the Appeals Office issued a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination) to petitioner Albert Horton and a separate notice of determination to petitioner Ramona Osborne. (We shall refer collectively to those two notices as petitioners' notices of determination). An attachment to each such notice of determination stated in pertinent part:

_____

[7](...continued)
settlement officer assigned to conduct a hearing regarding the notice of tax lien with respect to petitioners' unpaid liabilities for 1997 and 1998 promptly notified petitioners about that change.

**Verification of Legal and Procedural Requirements**

The Secretary has provided sufficient verification that the requirements of any applicable law or administrative procedure have been met.

Certified transcripts, Forms 4340, were requested and reviewed in addition to the tax return files for 1997 and 1998. * * *

    *       *       *       *       *       *       *

The notice and demand letters were issued by regular mail on May 18, 1998 for 1997 and on May 31, 1999 for 1998 to the taxpayer's last known address as required under IRC §6303.  Letter 3172, meeting the notice condition imposed by IRC  §6320, was dated June 26, 2001 and sent to the taxpayer's last known address by certified mail.  The taxpayers responded timely with a Request for a Collection Due Process Hearing, Form 12153, received on July 13, 2001.

    *       *       *       *       *       *       *

**Issues Raised by the Taxpayer**

    *       *       *       *       *       *       *

Forms 2866, Certificate of Official Record, and Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, were provided by mail to the taxpayers in my hearing letter dated April 9, 2002. * * *

On May 6, 2002 when the taxpayers appeared for the hearing, Mr. Horton, brought into the hearing a hand held tape recorder.  He was advised that the audio recording would not be allowed per our prior telephone conversation * * *.  Mr. Horton, however, did record our initial conversation and when this was discovered he was asked to stop recording or the hearing would be terminated.  The taxpayers chose to terminate the hearing and Mrs. Horton stated that they wished for this brief meeting to be their due process hearing. The hearing was concluded.  Based on this, no issues were raised by the taxpayers other than the lack of opportunity to audio record the hearing and no collection alternatives were discussed at this meeting.

The taxpayers have made only one payment on these taxes since they were assessed. That payment was for $150.00 dated September 15, 1999. The taxpayers have made no further attempt to resolve this liability. When contacted by the Automated Collection Site (ACS) they refused to cooperate or discuss collection alternatives. This prompted the filing of the NFTL by ACS who was assigned this case.

The records of the Service indicate that the taxpayers continue this pattern of filing zero income, zero tax due returns. * * *

The taxpayers raised no other non-frivolous issues.

**Balancing the Need for Efficient Collection with Taxpayer Concerns**

The requirements of all applicable laws and administrative procedures have been met. The courts have previously addressed the taxpayers' arguments, and Appeals does not have the authority for reconsideration of the matters.

    *       *       *       *       *       *       *

The taxpayers received their required notices and the filing of the NFTL was done in accordance with legal and procedural guidelines and is not subject to withdrawal or release. The taxpayers have made no attempt to resolve these liabilities since they were assessed. The filing of the NFTL was appropriate to protect the Government's interest. The taxpayers chose to conclude the due process hearing prior to any discussion of the facts of the case or of collection alternatives.

Lacking the taxpayer's cooperation and based on their history of non-compliance, the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. [Reproduced literally.]

On August 14, 2002, petitioners filed a petition with the Court for review of petitioners' notices of determination with respect to petitioners' unpaid liabilities for 1997 and 1998.

Although not altogether clear, petitioners may be alleging in their petition that the Appeals Office's refusal to allow them to continue making an audio recording of their Appeals Office hearing held on May 6, 2002, was improper under section 7521(a)(1). Except for that possible argument under section 7521(a)(1), the petition contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[8]

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). Where the validity of the underlying tax liability is properly

---

[8]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioners' petition are very similar to the frivolous and/or groundless statements, contentions, arguments, and requests in petitions filed by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

placed at issue, the Court will review the matter on a de novo basis. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Although petitioners did not receive a notice of deficiency with respect to their taxable years 1997 and 1998, the Court finds the contentions and arguments which petitioners advanced in their petition and which challenge the existence or the amount of petitioners' unpaid liabilities for 1997 and 1998 to be frivolous and/or groundless.

We now turn to the remaining issues that petitioners raised at their Appeals Office hearing and in the petition with respect to petitioners' notices of determination, which we shall review for abuse of discretion. Sego v. Commissioner, supra; Goza v. Commissioner, supra. As was true of petitioners' attachment to Form 12153, petitioners' explanation for their amended 1997 joint return, and petitioners' explanation for their amended 1998 joint return, petitioners' petition, except for a possible argument under section 7521(a)(1), contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.

We turn to petitioners' possible argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioners to continue to make an audio recording of the Appeals

Office hearing held on May 6, 2002, was improper.[9]  Throughout the period commencing with petitioners' filing their 1997 joint return with respondent and ending with their filing the petition with the Court, petitioners have made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless.  Consequently, even though we recently held in Keene v. Commissioner, 121 T.C. __ (2003), that section 7521(a)(1) requires the Appeals Office to allow a tax-payer to make an audio recording of an Appeals Office hearing held pursuant to section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for another hearing under section 6320(b) in order to allow petitioners to make such an audio recording, see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in petition-ers' notices of determination with respect to petitioners' unpaid liabilities for 1997 and 1998, see id.[10]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in

_____

[9]We note that the record does not establish that petitioners complied with the requirement of sec. 7521(a)(1) that they present respondent with their request to make an audio recording of their Appeals Office hearing in advance of that hearing.

[10]See Kemper v. Commissioner, T.C. Memo. 2003-195.

determining to proceed with the collection action as determined in petitioners' notices of determination with respect to petitioners' unpaid liabilities for 1997 and 1998.

In respondent's motion, respondent requests that the Court require petitioners to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioners advance, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioners pursuant to section 6673(a)(1) in the amount of $4,400.

On the record before us, we shall grant respondent's motion. To reflect the foregoing,

An order granting respondent's motion and decision will be entered for respondent.