T.C. Memo. 2005-107

UNITED STATES TAX COURT

ALAN L. POE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20950-03L.                    Filed May 12, 2005.

Alan L. Poe, pro se.

<u>Michelle M. Lippert</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under

section 6673[1] (respondent's motion).[2]  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Toledo, Ohio, at the time he filed the petition in this case.

On June 2, 2000, respondent received from petitioner a Federal income tax (tax) return for his taxable year 1999 (1999 return).  In his 1999 return, petitioner reported total income of $0, total tax of $0, and claimed a refund of $2,777.49 of tax withheld.  Petitioner attached to his 1999 return Form W-2, Wage and Tax Statement, reporting wages, tips, and other compensation totaling $49,643.38.  Petitioner also attached a document to his 1999 return (petitioner's attachment to his 1999 return) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

[3]Petitioner's attachment to his 1999 return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns.  See, e.g., Flathers v. Commissioner, T.C. Memo. 2003-60; Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

On February 5, 2001, respondent refunded or credited[4] to petitioner the entire refund (i.e., $2,777.49) that he claimed in his 1999 return, plus interest thereon.

On February 6, 2002, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1999. In that notice, respondent determined a deficiency in, an addition under section 6651(a)(1) to, and an accuracy-related penalty under section 6662(a) on petitioner's tax for his taxable year 1999 in the respective amounts of $9,319, $1,761, and $1,864.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1999.

On July 22, 2002, respondent assessed petitioner's tax, as well as an addition to tax under section 6651(a)(1), a penalty under section 6662(a), and interest as provided by law, for his taxable year 1999. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after July 22, 2002, as petitioner's unpaid liability for 1999.)

On July 22, 2002, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for 1999. On August 26, 2002, respondent issued to petitioner

---

[4]Respondent credited $500 of the refund claimed in petitioner's 1999 return in payment of a frivolous return penalty under sec. 6702 that respondent imposed on petitioner with respect to his 1999 return.

another notice of balance due with respect to that unpaid liability.

On November 5, 2002, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to, inter alia, his taxable year 1999. On or about December 2, 2002, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office) with respect to, inter alia, his taxable year 1999. Petitioner attached a document to his Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

On September 8, 2003, a settlement officer with respondent's Appeals Office held a hearing (Appeals Office hearing) with petitioner with respect to the notice of intent to levy. At the Appeals Office hearing, the settlement officer gave petitioner a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to petitioner's

_____

[5]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Flathers v. Commissioner, supra; Copeland v. Commissioner, supra.

taxable year 1999.  At that hearing, the settlement officer also gave petitioner a copy of <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), and explained the warning of the Court in that Opinion with respect to section 6673(a)(1).

On November 4, 2003, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  That notice of determination stated in pertinent part:

> **Summary of Determination**
>
> Appeals determination is that Compliance is upheld.  No relief is granted.  You were given an opportunity to prepare and file corrected returns and provide a completed Collection Information Statement.  You failed to file corrected returns.  You did not provide any financial information on which consideration of alternatives could be based.  You raised only frivolous arguments and were given a copy of <u>Pierson v. Commissioner</u>.

An attachment to that notice of determination stated in pertinent part:

> **SUMMARY AND RECOMMENDATION**
>
> You requested a Collection Due Process (CDP) Hearing with Appeals under the provisions of IRC §6330.
> -The determination of Appeals is that the proposed collection actions are appropriate and are upheld. No relief is granted.
>
> *       *       *       *       *       *       *
>
> VERIFICATION OF LEGAL AND PROCEDURAL REQUIREMENTS:
>
> The statute of limitations has been suspended since 12/09/2002.  The Settlement Officer had no involvement in your case prior to the assignment for the CDP Hearing.

IRC §6331 provides that if any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

IRC §6330 CDP appeal procedures require that IRS must, in addition to notice and demand and IRC §6331(d), provide the taxpayer with a written notification of his or her right to (a CDP) Appeal of the proposed levy action.  This notice was sent to you on 11/05/2002.

Based on the best information available, the requirements of all laws, regulations and procedures have been met during the assessment and collection phases of this dispute.

SPECIFIC ISSUES RAISED BY THE TAXPAYER:

In this case, you dispute the underlying liabilities
* * *

The Settlement Officer requested and reviewed the original documents submitted as Form 1040 for the year in question, along with a detailed transcript of the account.  The Settlement Officer also secured and reviewed Certified Transcripts, Forms 4340, of this account.  A copy of the transcript was provided to you at the hearing as evidence of the correctness of the assessment.  The files and transcript show Notice and Demand were properly made.

At the hearing you were given the opportunity to discuss or submit alternatives to the collection actions such as an Installment Agreement under IRC §6159 or an Offer In Compromise under IRC §7122.  Instead, you chose to spend your time at the hearing bringing up frivolous issues.

You made the statement that, "...this can not be frivolous... ."  This mere assertion is not supported by the facts or by law.  The courts have consistently ruled that arguments of this nature are considered frivolous.

You correctly point out that IRC §61 defines income. More precisely, §61 defines Gross Income. * * *

> Sec. 61. Gross Income defined.
> (a) General definition.
>    Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:
>        (1) Compensation for service, including fees, commissions, fringe benefits, and similar items;

Wages are considered to be compensation for services.

The U.S. Tax Court has recently ruled on documents and positions that are substantially identical to the ones you have put forward. (See Christopher Kiley v. Commissioner, T.C. Memo 2002-315; No. 6676-02L (27 Dec. 2002)) A copy of this case was provided to you at the hearing. In Kiley v. Commissioner, the U.S. Tax Court ruled that the return filed with all -0-'s and using substantially identical language in the attachments was clearly frivolous. The Court went further and assessed a substantial penalty under IRC §6673 for taking the Court's time with arguments that have been long settled as a matter of law.

A copy of the Court's warning as provided for in Pierson v. Commissioner was also given to you at the Hearing and explained.

No spousal defenses were raised. The only challenges you raised as to the appropriateness of the collection actions were couched in terms of arguments that have previously been identified as frivolous.

You offered no alternatives to the proposed enforced collection actions.

BALANCING EFFICIENT COLLECTION AND INTRUSIVENESS:

The determination of Appeals is that the proposed collection action balances the need for efficient collection of taxes with the intrusiveness of the action since the liabilities are due and owing and the notices of proposed enforced collection action were legally proper. You were notified that the documents

you filed were frivolous and chose to ignore the clear warning issued in writing.

Before you decide whether to petition this notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000.00 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless. (See the copy of <u>Pierson v. Commissioner</u> * * * that was provided at the Hearing.) It is our view that the positions you have taken have no merit and are groundless.

Petitioner filed a petition with the Court with respect to the notice of determination relating to petitioner's unpaid liability for 1999. The petition contains statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the notice of deficiency that respondent issued to him relating to his taxable year 1999. Where, as is the case here,

_____

[6]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's petition are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in petitions filed by certain other taxpayers with cases in the Court. See, e.g., <u>Copeland v. Commissioner</u>, T.C. Memo. 2003-46.

the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 1999.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. at 581, we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or

by taking frivolous or groundless positions in such actions. At the Appeals Office hearing, the settlement officer gave petitioner a copy of <u>Pierson</u> and explained the warning of the Court in that Opinion with respect to section 6673(a)(1). Nonetheless, in the instant case, petitioner advanced in the petition, we believe primarily for delay, frivolous and/or groundless statements, contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,000.

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion. To reflect the foregoing,

<u>An order granting respondent's motion and an appropriate decision will be entered</u>.