T.C. Memo. 2002-167

UNITED STATES TAX COURT

ROGER STOEWER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2674-01L.                    Filed July 8, 2002.

Roger Stoewer, pro se.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case is before the Court
on petitioner's Motion To Dismiss For Lack Of Jurisdiction and on
respondent's Motion To Dismiss For Lack Of Jurisdiction And To
Strike With Respect To The Assessed Frivolous Return Penalty.
Section references are to the Internal Revenue Code as amended.

At the time the Petition for Lien or Levy Action Under Section 6320(c) or 6330(d) was filed, petitioner resided in Las Vegas, Nevada.

On April 15, 1997, petitioner filed his 1996 Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. Petitioner's 1996 return listed his address as 5125 Gray Lane, Apartment C, Las Vegas, Nevada, 89119 (Gray Lane address). On his 1996 return, petitioner reported wages and salaries of zero. Petitioner also reported that his adjusted gross income and taxable income on his 1996 return was zero. In a two-page document attached to his 1996 return, petitioner stated in part:

> It should also be noted that I had "zero" income according to the Supreme Court's definition of income (See Note #1), since in Merchant's Loan & Trust Co v. Smietanka, 225 U.S. 509, (at pages 518 & 519) that Court held that "The word (income) must be given the same meaning in all of the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act (of 1909)." Therefore, since I had no earnings in 1996 that would have been taxable under the Corporation Excise Tax Act of 1909 as "income," I can only swear to having "zero" income in 1996.* * *

On April 15, 1998, petitioner filed his 1997 Form 1040EZ. Petitioner's 1997 return reflected his Gray Lane address. Again, petitioner reported wages and salaries of zero on his 1997 return. Petitioner also reported that his 1997 adjusted gross income and taxable income was zero. Petitioner attached a two-page document to his 1997 return which was essentially identical to the two-page document attached to his 1996 return.

On December 4, 1998, respondent mailed to petitioner at his Gray Lane address two separate notices of deficiency related to petitioner's 1996 and 1997 taxable years, respectively. In one notice of deficiency, respondent determined an income tax deficiency of $3,775 and an accuracy-related penalty under section 6662(a) of $465 with respect to petitioner's 1996 taxable year. In the other notice of deficiency, respondent determined an income tax deficiency of $4,069 and an accuracy-related penalty under section 6662(a) of $813.80 with respect to petitioner's 1997 taxable year. Each notice of deficiency stated that the deficiencies could be contested by petitioner's filing a petition with the Tax Court 90 days from the date of the notices of deficiency.

On or about January 12, 1999, petitioner sent two virtually identical letters to respondent, one for each taxable year at issue, which contested the authority of the notices of deficiency. Petitioner did not file a petition with the Tax Court with respect to the notices of deficiencies.

On May 24, 1999, respondent assessed the income tax deficiencies and accuracy-related penalties against petitioner with respect to his 1996 and 1997 taxable years.

On June 14, 1999, respondent assessed a section 6702 frivolous return penalty with respect to each of petitioner's taxable years at issue.

On April 10, 2000, respondent filed a Notice of Federal Tax Lien equal to the amount of taxes and penalties assessed by respondent with respect to petitioner's 1996 and 1997 taxable years.

On April 13, 2000, respondent issued to petitioner a Notice Of Federal Tax Lien Filing And Your Right To A Hearing Under IRC 6320 with respect to petitioner's 1996 and 1997 taxable years.

On or about May 11, 2000, petitioner timely filed a Form 12153, Request For A Collection Due Process Hearing (Appeals Office hearing request), in response to the notice of lien.

On October 25, 2000, in response to petitioner's Appeals Office hearing request, an Appeals officer sent a letter to petitioner in which he provided additional information regarding the validity of the tax and penalty assessments against petitioner.  The Appeals officer informed petitioner that the statutory notices of deficiency were sent to his last known address, that he failed to act upon the statutory notices, and therefore that he was precluded from further challenging the underlying tax liabilities.  The Appeals officer also informed petitioner that he would schedule an Appeals Office hearing.

On January 12, 2001, the Appeals officer conducted the Appeals Office hearing with petitioner and his representative at the Las Vegas office of the Internal Revenue Service.  At the hearing, the Appeals officer provided petitioner with two Forms

4340, Certificate Of Assessments, Payments, And Other Specified Matters, certified transcripts which detailed the assessment of the income tax deficiencies and accuracy-related penalties with respect to petitioner's 1996 and 1997 taxable years. Forms 4340 were also provided to petitioner with respect to the frivolous return penalties assessed for each of his taxable years at issue. The Appeals officer terminated the hearing after petitioner declined to discuss any collection alternatives.

On January 25, 2001, respondent's Appeals Office sent petitioner two separate "NOTICES OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" stating respondent's intention to proceed with collection with respect to petitioner's 1996 and 1997 taxable years. One notice of determination related to the income taxes and accuracy-related penalties assessed against petitioner and informed him that he would have 30 days to contest the determination by filing a petition with the Tax Court. The notice of determination included findings that all applicable statutory and administrative procedures were met, that petitioner failed to present any collection alternatives, and that the proposed lien was appropriate.

The other notice of determination related to the frivolous return penalty assessments and informed petitioner that he would have 30 days to contest the determination by filing a petition with the appropriate United States District Court.

On February 27, 2001, petitioner filed one petition with this Court for review of both of respondent's notices of determination.

On February 27, 2001, petitioner's motion to dismiss was filed. On May 21, 2001, respondent's motion with respect to the frivolous return penalty was filed.

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes when a demand for the payment of such taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file notice of Federal tax lien if such lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. The notice required by section 6320 must be provided not more than 5 business days after the day of the filing of the notice of lien. Sec. 6320(a)(2). Section 6320 further provides that the person may request administrative review of the matter (in the form of an Appeals Office hearing) within 30 days beginning on the day after the 5-day period described above. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted

consistent with the procedures set forth in sections 6330(c), (d), and (e).

Section 6330(c)(2) prescribes the matters a person may raise at an Appeals Office hearing. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000). Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. Id.; Goza v. Commissioner, 114 T.C. 176 (2000).

Pursuant to section 6330(d)(1)(A), within 30 days of the issuance of the notice of determination, the taxpayer may appeal the determination to the Tax Court. If the Tax Court does not have jurisdiction of the underlying tax liability, the taxpayer may appeal to a U.S. District Court. Sec. 6330(d)(1)(B).

Initially, we address respondent's motion. In respondent's motion, respondent contends that this Court does not have jurisdiction over the section 6702(a) frivolous return penalty. Respondent further asks this Court to strike the portion of the petition with respect to the frivolous return penalty.

The Court's deficiency jurisdiction is generally limited to the redetermination of income, estate, and gift taxes. <u>Moore v. Commissioner</u>, 114 T.C. 171, 175 (2000). The Court interpreted section 6330(d)(1)(A) and (B) as not expanding the Court's jurisdiction beyond the types of taxes over which the Court generally has jurisdiction. <u>Id.</u> The Court has held that we do not have jurisdiction to review the Commissioner's determination to assess the frivolous return penalty under section 6702. <u>Van Es v. Commissioner</u>, 115 T.C. 324, 328-329 (2000). In that situation, section 6330(d)(1) provides that "If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."

Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction and to strike with respect to the frivolous return penalty.

In petitioner's motion, petitioner asks the Court to dismiss this case for lack of jurisdiction on the ground that the Appeals officer failed to verify that the requirements of all applicable law and administrative procedure were met as required by section 6330(c)(1).

Because we lack jurisdiction to review the determination with regard to the frivolous return penalty, we shall not decide whether the hearing requirement under section 6330(b) was met

with respect to that determination.  Johnson v. Commissioner, 117 T.C. 204, 208-209 (2001).  Thus, the remaining issue before the Court is whether this Court has jurisdiction to review the other determination in this case which relates to petitioner's liability for income taxes and accuracy-related penalties.

The Court recently held that, for purposes of determining the validity of a notice of determination for jurisdictional purposes, we shall not look behind a notice of determination to consider whether the Appeals Office conducted an appropriate hearing.  Lunsford v. Commissioner, 117 T.C. 159 (2001).  Our holding in Lunsford overrules Meyer v. Commissioner, 115 T.C. 417 (2001), to the extent it required the Court to look behind a notice of determination to discern whether a proper hearing opportunity was given in order to decide whether such a notice was valid.  Lunsford v. Commissioner, supra at 164.

In the instant case, this Court is not required to look behind the relevant notice of determination which relates to petitioner's liability for income taxes and accuracy-related penalties in order to determine the validity of this notice. There is nothing in that notice of determination which leads us to conclude that the determination was invalid.  As in Lunsford, the notice of determination clearly embodies the Appeals officer's determination that collection by way of lien may proceed.  Consistent with our holding in Lunsford, we hold the

relevant notice of determination was valid for purposes of invoking the Court's jurisdiction and a timely petition was filed.  Accordingly, we hold that this Court has jurisdiction to review the determination in this case and that petitioner's motion to dismiss must be denied.

We have considered all of petitioner's remaining arguments and find them to be without merit and/or irrelevant.

To reflect the foregoing,

An appropriate Order denying petitioner's motion and granting respondent's motion will be issued.