T.C. Memo. 2003-71

UNITED STATES TAX COURT

ROGER STOEWER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2674-01L.　　　　　　　Filed March 13, 2003.

Roger Stoewer, pro se.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

--------

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Las Vegas, Nevada, at the time he filed the petition in this case.

Petitioner timely filed Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents (return), for each of his taxable years 1996 (1996 return) and 1997 (1997 return). In each of those returns, petitioner reported total income of $0 and total tax of $0. Above his respective signatures appearing in his 1996 return and his 1997 return, petitioner printed the following: "I AM NOT SIGNING THIS VOLUNTARILY". Petitioner attached a document to each of his returns for 1996 and 1997 (petitioner's attachments to his 1996 and 1997 returns) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[2]

On December 4, 1998, respondent issued to petitioner a notice of deficiency (notice) with respect to his taxable year 1996 and a separate notice with respect to his taxable year 1997, both of which he received. In the notice relating to petitioner's taxable year 1996, respondent determined a deficiency

---

[2]Petitioner's attachments to his 1996 and 1997 returns are similar to the documents that certain other taxpayers with cases in the Court attached to their Federal income tax (tax) returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

in, and an accuracy-related penalty under section 6662(a)[3] on, petitioner's tax for that year in the respective amounts of $3,775 and $465. In the notice relating to petitioner's taxable year 1997, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for that year in the respective amounts of $4,069 and $813.

Petitioner did not file a petition in the Court with respect to the notice relating to his taxable year 1996 or the notice relating to his taxable year 1997. Instead, on January 12, 1999, in response to each such notice, petitioner sent a separate letter (collectively, petitioner's January 12, 1999 letters) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

On May 24, 1999, respondent assessed petitioner's tax, as well as any penalties and interest as provided by law, for each of his taxable years 1996 and 1997. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after May 24, 1999, as petitioner's unpaid liability for each of

---

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[4]Petitioner's January 12, 1999 letters are similar to the letters that certain other taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

his taxable years 1996 and 1997.)

On May 24, 1999, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liability for each of his taxable years 1996 and 1997. On June 28, 1999, respondent issued a second notice of balance due with respect to each such unpaid liability.

On April 7, 2000, respondent filed a Federal tax lien with respect to petitioner's unpaid liability for each of his taxable years 1996 and 1997.

On April 13, 2000, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of lien) with respect to petitioner's unpaid liability for each of his taxable years 1996 and 1997.[5] On or about May 12, 2000, in response to the notice of lien, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached a document to his Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[6]

---

[5]The notice of lien also pertained to a frivolous return penalty under sec. 6702 regarding each of petitioner's returns for 1996 and 1997.

[6]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are similar to the
(continued...)

On January 12, 2001, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of lien.  At the Appeals Office hearing, the Appeals officer gave petitioner Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to each of his taxable years 1996 and 1997.

On January 25, 2001, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).[7]  An attachment to the notice of determination stated in pertinent part:

> MATTERS CONSIDERED AT APPEALS
>
> Applicable Law and Administrative Procedures
>
> Based on the information available, the requirements of applicable law and administrative procedures have been met.
>
> Internal Revenue Code Section 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.  Transcripts show notice and demand was issued.
>
> Internal Revenue Code Section 6320(a) requires that the Internal Revenue Service notify a taxpayer of a notice

---

[6](...continued) statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court.  See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[7]On Jan. 25, 2001, respondent issued to petitioner a separate notice of determination with respect to the frivolous return penalty under sec. 6702 regarding each of his returns for 1996 and 1997.

of lien and the right to a hearing before the Internal
Revenue Service Office of Appeals with respect to the
filing of the lien.  The notification was mailed to you
at your last known address.

Internal Revenue Code Section 6330(c) notifies a tax-
payer of the opportunity for a hearing with the Inter-
nal Revenue Service Office of Appeals.  Letter 3172
"Notice of Federal Tax Lien" was sent to you.  You
responded within 30 days so you are entitled to a
Collection Due Process Hearing.  Internal Revenue Code
Section 6330(c) allows the taxpayer to raise any rele-
vant issue relating to the lien.

This Appeals Officer has had no prior involvement with
respect to these liabilities.

Relevant Issues Presented by the Taxpayer

You believe there is no legislative, Treasury regula-
tion, which requires you to pay the civil penalty
assessed.  You question whether or not anybody at the
Internal Revenue Service is legally authorized to
assess the civil penalty and threaten you with enforce-
ment action if payment is not made.

No alternatives were presented other than what is
stated above.

Balancing Efficient Collection and Intrusiveness

No other alternatives have been presented as a more
efficient manner of collecting the amount of tax due.
Lien action is the most efficient manner of collection.

### Discussion

The Court may grant summary judgment where there is no
genuine issue of material fact and a decision may be rendered as
a matter of law.[8]  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>,

---

[8]The only questions raised in respondent's motion relate to
petitioner's unpaid liability for each of his taxable years 1996
and 1997 over which we have jurisdiction and do not relate to the
(continued...)

98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for each of his taxable years 1996 and 1997.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding

---

[8](...continued)
frivolous return penalty regarding each of his returns for those years over which we do not have jurisdiction. In this connection, on July 8, 2002, the Court in Stoewer v. Commissioner, T.C. Memo. 2002-167, held that we do not have jurisdiction over those frivolous return penalties. Pursuant to that Opinion, on July 10, 2002, the Court granted respondent's motion to dismiss for lack of jurisdiction and to strike as to the frivolous return penalties relating to petitioner's 1996 return and 1997 return.

before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $2,000.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An appropriate order granting respondent's motion and decision will be entered for respondent.