T.C. Memo. 2005-109

UNITED STATES TAX COURT

MARY K. DUES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4370-03L.                  Filed May 16, 2005.

Mary K. Dues, pro se.

<u>John M. Tkacik, Jr.</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]  We
shall grant respondent's motion.

_____

    [1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in St. Henry, Ohio, at the time she filed the petition in this case.

Petitioner and Carl L. Dues (Mr. Dues), who died on a date not disclosed by the record before July 9, 2002, jointly filed a Federal income tax (tax) return for each of the taxable years 1997 (1997 return) and 1998 (1998 return). In the 1997 return, petitioner and Mr. Dues reported, inter alia, total income of $80,520, taxable income of $68,320, total tax of $13,775, tax withheld of $0, and estimated tax payments of $13,889 and claimed an overpayment of tax of $114 and a refund of tax of $114. In the 1998 return, petitioner and Mr. Dues reported, inter alia, total income of $4,155, taxable income of $0, tax withheld of $0, estimated tax payments of $0, and total tax of $0.

Around April 2000, petitioner and Mr. Dues jointly filed an amended tax return for each of the taxable years 1997 (amended 1997 return) and 1998 (amended 1998 return). In the amended 1997 return, petitioner and Mr. Dues reported, inter alia, taxable income of $0, total tax of $0, tax withheld of $0, estimated tax payments of $13,889, and tax owed of $0. In the amended 1998 return, petitioner and Mr. Dues reported, inter alia, taxable income of $0, total tax of $0, tax withheld of $0, estimated tax

payments of $0, and tax owed of $0.

In Part II, Explanation of Changes to Income, Deductions, and Credits, of each of the amended tax returns for 1997 and 1998 and in an attachment to each such amended tax return, the explanation that petitioner and Mr. Dues gave for amending the 1997 return and the 1998 return (explanation for the amended 1997 return and for the amended 1998 return) contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[2]

On September 20, 2000, respondent issued a notice of deficiency (notice) to petitioner and Mr. Dues in which respondent determined the following deficiencies in, and accuracy-related penalties under section 6662(a)[3] on, the tax of petitioner and Mr. Dues for each of the taxable years 1997 and 1998:

| Year | Deficiency | Accuracy-Related Penalty Under Sec. 6662(a) |
|------|-----------|---------------------------------------------|
| 1997 | $41,648   | $8,330                                      |
| 1998 | 3,821     | 764                                         |

---

[2]The explanation for the amended 1997 return and for the amended 1998 return contained statements, contentions, arguments, and requests that are very similar to the types of statements, contentions, arguments, and requests contained in the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner[4] did not file a petition in the Court with re-
spect to the notice relating to taxable years 1997 and 1998.

On February 5, 2001, respondent assessed petitioner's tax,
as well as an accuracy-related penalty under section 6662(a) and
interest as provided by law, for each of the taxable years 1997
and 1998 (respondent's assessment for each of the taxable years
1997 and 1998).  (We shall refer to any such unpaid assessed
amounts, as well as interest as provided by law accrued after
February 5, 2001, as petitioner's respective unpaid liabilities
for 1997 and 1998.)

On a date not disclosed by the record that was within 60
days after the date on which respondent made respondent's assess-
ment for each of the taxable years 1997 and 1998, respondent
issued to petitioner a notice of balance due with respect to
petitioner's respective unpaid liabilities for 1997 and 1998, as
required by section 6303(a).

On May 11, 2001, respondent issued to petitioner a final
notice of intent to levy and notice of your right to a hearing
(notice of intent to levy) with respect to taxable years 1997 and
1998.

On May 24, 2001, respondent issued to petitioner a notice of
Federal tax lien filing and your right to a hearing (notice of

---

[4]This case involves only petitioner, and not Mr. Dues.  For
convenience, we shall hereinafter refer only to petitioner, and
not to petitioner and Mr. Dues.

tax lien) with respect to taxable years 1997 and 1998.

In early June 2001, in response to the notice of intent to levy and the notice of tax lien, petitioner, through her authorized representative, mailed to respondent Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). In her Form 12153, petitioner raised various challenges to respondent's collection activity that respondent determined to be frivolous.

A settlement officer with respondent's Appeals Office (settlement officer) scheduled several hearings (Appeals Office hearings) with petitioner and her authorized representative with respect to the notice of intent to levy and the notice of tax lien. Petitioner and her authorized representative refused to attend any of the Appeals Office hearings that the settlement officer had scheduled. That was because the settlement officer refused to allow petitioner and her authorized representative to audio record any such hearing.

On February 14, 2003, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

> It has been determined that the lien filing and proposed levy action are sustained. The Internal Revenue Service has complied with code and procedural requirements in collecting the tax.

An attachment to the notice of determination stated in pertinent part:

## DISCUSSION AND ANALYSIS

**WERE THE REQUIREMENTS OF ANY APPLICABLE LAW OR PROCE-DURE MET?**

Based upon the best information available, the Service complied with the applicable laws and procedures in pursuing collection of the tax liabilities.

- The assessments were made per IRC §§ 6201, 6203, 6211, 6212, and 6213.

- The notice and demand for payment letter was mailed to the last known address, within 60 days of the assessment, as required by IRC § 6303.

- IRC § 6321 provides a statutory lien when a tax-payer neglects or refuses to pay a tax liability after notice and demand. To be valid against third parties, except for other government enti-ties, a notice of lien must be filed in the proper place for filing per IRC §§ 6323(a) and (f).

- IRC § 6320 requires the IRS to give notice to a taxpayer in writing no later than five working days after filing a notice of lien of the tax-payer's right to request a hearing. This notice was mailed to you.

- IRC [§] 6330 requires the IRS to give notice to a taxpayer in writing at least thirty days prior to levy action of the taxpayer's right to request a hearing.

- There was a balance due when the CDP notice was issued per IRC § 6322. The CDP notice was sent by certified mail return receipt requested to your last known address.

- The collection statute has been suspended as the result of your CDP request.

The above information was verified through a review of computer transcripts and information contained in the

case file.

**WHAT ISSUES WERE RAISED BY THE TAXPAYER?**

Your representative declined the opportunity for a face-to-face or telephone conference because Appeals does not permit recording.  You and your representative raised a multitude of issues in your CDP request and subsequent correspondence.  Your primary arguments appear to be the following.

You are not liable for the "so-called" income tax.
This is a frivolous position.

The IRS has no legal authority to change the returns or to assess an amount other than what is shown on the filed returns.
This is a frivolous position.

The assessments are not valid because there is no Summary Record of Assessment.
Certified transcripts reflect that the additional taxes were properly assessed.

You never received the required notice and demand.
Transcripts show that the notice and demand was sent to the taxpayers within 60 days of the assessments as required by IRC § 6303.

No Treasury Department Delegation of Authority has been issued, delegating any authority, from the Secretary of the Treasury, to any IRS employee to summons, assess, lien, or levy the property of a Citizen of the 50 Republic states.
This is a frivolous position.

**CONSIDER WHETHER ALTERNATIVE COLLECTION ACTION WOULD BE LESS INTRUSIVE TO THE PROPOSED ENFORCEMENT ACTION.**

Your frivolous arguments, especially your position that you are not liable for the income tax, preclude the consideration of a collection alternative.

In response to the notice of determination, petitioner filed with the Court a petition with attachments that we consider to be part of the petition.  Except for an argument under section

7521(a)(1), the petition and the attachments thereto contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5] With respect to section 7521(a)(1), petitioner alleged that the refusal by the Appeals Office to allow her to make an audio recording of any Appeals Office hearing was improper under that section.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Respondent issued a notice of deficiency to petitioner with respect to taxable years 1997 and 1998, but petitioner did not file a petition with the Court with respect to that notice. On the instant record, we find that petitioner may not challenge the existence or the amount of petitioner's respective unpaid liabilities for 1997 and 1998. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Goza v. Commissioner, 114

---

[5]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's petition and the attachments to that petition are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in the respective petitions filed with the Court by certain other taxpayers. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46.

T.C. 176, 181-182 (2000).

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.

We turn now to petitioner's argument under section 7521(a)(1) that the refusal by the Appeals Office to permit petitioner to make an audio recording of any Appeals Office hearing was improper. Before she filed the petition in this case, petitioner made statements and requests and advanced contentions and arguments that the Court has found to be frivolous and/or groundless. In the petition and the attachments thereto, petitioner persisted in advancing such frivolous and/or groundless statements, contentions, arguments, and requests. Consequently, even though we held in Keene v. Commissioner, 121 T.C. 8, 19 (2003), that section 7521(a)(1) requires the Appeals Office to allow a taxpayer to make an audio recording of an Appeals Office hearing under section 6330(b), we conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for a hearing under sections 6320(b) and 6330(b) in order to allow petitioner to make such an audio recording, see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject

respondent's determinations to proceed with the collection action as determined in the notice of determination with respect to petitioner's respective unpaid liabilities for 1997 and 1998, see id.[6]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable years 1997 and 1998.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we now consider sua sponte whether the Court should impose a penalty on petitioner under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

Although we shall not impose a penalty under section 6673(a)(1) on petitioner in the instant case, we caution her that she may be subject to such a penalty if in the future she institutes or maintains a proceeding in this Court primarily for delay and/or her position in any such proceeding is frivolous or

---

[6]See Kemper v. Commissioner, T.C. Memo. 2003-195.

groundless.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and an appropriate decision will be entered</u>.