T.C. Memo. 2007-114

UNITED STATES TAX COURT

PAUL L. BOWMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 377-06L.                    Filed May 3, 2007.

Paul L. Bowman, pro se.

<u>Lisa K. Hunter</u>, for respondent.


MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).[1]  We shall grant respondent's motion.

---

[1]Petitioner filed a response (petitioner's response) to respondent's motion.  Respondent filed a reply to petitioner's response, and petitioner submitted to the Court a document that the Court had filed as petitioner's reply to that reply.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Algona, Iowa, at the time he filed the petition in this case.

Petitioner did not file a Federal income tax (tax) return for each of his taxable years 2001 and 2002.

On June 15, 2004, respondent issued to petitioner a notice of deficiency with respect to each of his taxable years 2001 (2001 notice of deficiency) and 2002 (2002 notice of deficiency), both of which petitioner received. In the 2001 notice of deficiency, respondent determined a deficiency in, and additions under section 6651(a)(1)[2] and 6651(a)(2) to, petitioner's tax for his taxable year 2001 in the respective amounts of $3,487.10, $225.02, and $125.01.[3] In the 2002 notice of deficiency, respondent determined a deficiency in, and additions under sections 6651(a)(1), 6651(a)(2), and 6654 to, petitioner's tax for his taxable year 2002 in the respective amounts of $14,661,

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]With respect to the addition to tax under sec. 6651(a)(2), respondent determined in the 2001 notice of deficiency that that "addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent."

$3,298.73, $952.97,[4] and $489.93.

Petitioner did not file a petition in the Court with respect to the 2001 notice of deficiency or the 2002 notice of deficiency.

On November 22, 2004, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for each of his taxable years 2001 and 2002. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after November 22, 2004, as petitioner's unpaid liabilities for 2001 and 2002.)

On November 22, 2004, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid liabilities for 2001 and 2002.

On April 9, 2005, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liabilities for 2001 and 2002.

On May 9, 2005, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner at-

---

[4]With respect to the addition to tax under sec. 6651(a)(2), respondent determined in the 2002 notice of deficiency that that "addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent each month, or fraction thereof, of nonpayment, not exceeding 25 percent."

tached a document to petitioner's Form 12153.  That attachment

stated in pertinent part:

    1. Refer to the Tax Reformation Act of 1998.
    2. I don't agree for all the reasons Congress has
       determined that I have this hearing.
    3. Details will be both provided and disclosed at the
       hearing.
    4. I fully intend to cassette record the proceedings of
       the hearing.
    5. I request a face-to-face hearing.

In response to petitioner's Form 12153, a settlement officer

with the Appeals Office (settlement officer) sent to petitioner a

letter dated October 7, 2005 (settlement officer's October 7,

2005 letter).  That letter stated in pertinent part:

**Tax Period(s) Ended:**
12/2001 & 2002
**Date of Conference:**
October 27, 2005
**Time of Conference:**
1:00 PM

\*     \*     \*     \*     \*     \*     \*

We received your request for a Collection Due Process
(CDP) Hearing.  While you do not specify the items that
you wish to address in a conference, the information
you provide leads me to believe that your CDP request
is intended to discuss items that:

    1. Courts have determined are frivolous or
       groundless, or
    2. Appeals does not consider.  These are
       moral, religious, political,
       constitutional, conscientious, or similar
       grounds.

Examples of arguments that are considered frivolous or
groundless are provided in "The Truth About Frivolous
Tax Arguments", a copy of which is enclosed.  Please
note that it is not a complete list of frivolous and

groundless arguments.

Appeals does not provide a face-to-face conference if the only items you wish to discuss are those mentioned above. However, you may have a telephone conference, or discuss with us by correspondence, any relevant challenges to the filing of the notice of federal tax lien or the proposed levy.

If you are interested in receiving a face-to-face conference, you must be prepared to discuss issues relevant to paying your tax liability. These include, for example, offering other ways to pay the taxes you owe, such as an installment agreement or offer in compromise. The Internal Revenue Manuel determines whether Appeals can accept your proposal. If you wish to have a face-to-face conference, please write me within 15 days from the date of this letter and describe the legitimate issues you will discuss.

In the meantime, I have scheduled a telephone conference for you as shown above. If this is not convenient for you, or if you prefer to conduct the hearing by correspondence, please contact me as soon as possible. I will gladly consider other dates within 14 days of the scheduled conference. Since you provided no telephone number where you could be reached for the conference, please call me on the above shown date at 1:00 PM. If you provide a phone number, I will contact you instead.

<u>Records indicate that your income tax returns for calendar years 2003 and 2004 have not been filed.</u> Internal third party payer records reflect sufficient income that requires that you file a return for both years.

**Collection Due Process provisions require that before alternatives to the proposed levy or filed Notice of Federal Tax Lien may be considered, except for full payment, you must be in full compliance with all filing and payment requirements.**

**Accordingly, you must file all delinquent tax returns and bring all delinquent payments up to date before the conference date shown above, including any required Estimated Income Tax Payments through the conference**

**date. All delinquent returns and payments must be forwarded directly to my office so that full filing and payment compliance may be verified.**

**Additional time will not be extended to file delinquent returns or make delinquent payments, so that collection alternatives may be considered.**

Assuming that you will be in full compliance by the date of the conference, I have enclosed a Collection Information Statement that you should complete and return to my office, also within 15 days of the date of this letter.[5] This information is necessary to consider collection alternatives to the proposed levy.

If you do not file the required returns or submit the required financial information, or if I don't hear from you on the scheduled conference date, I will issue the required determination letter based on the information in the file.

Please contact me with any questions or concerns you have regarding this request or the Collection Due Process procedure itself.

Petitioner did not respond to the settlement officer's October 7, 2005 letter.

On December 6, 2005, the Appeals Office issued to petitioner a notice of determination concerning the collection action(s) under section 6320 and/or 6330 (notice of determination). That notice stated in pertinent part:

---

[5]The settlement officer did not enclose with the settlement officer's October 7, 2005 letter the collection information statement referred to in that letter. However, the settlement officer sent to petitioner that collection information statement by cover letter dated Oct. 11, 2005.

**Summary of Determination**

You submitted a timely Collection Due Process Hearing request after receiving Notice of Intent to Levy and Your Right to a Hearing. A telephone conference was scheduled to discuss alternatives to the proposed levy, since your Collection Due Process hearing request appeared to propose to discuss only frivolous issues in a face-to-face conference. You were specifically warned in the conference letter that if you failed to respond, your case would be closed without further action.

You were also advised that you must be in full filing and payment compliance before collection alternatives could be discussed, that you should submit a completed Collection Information Statement, and submit in writing the relevant issues to be discussed in a face-to-face conference. Since you provided no phone number where you could be reached for conference, you were requested to either provide the same or call the Settlement Officer to conduct the conference.

You were given an opportunity to present issues relevant to paying you [sic] tax liability, but you did not present any legitimate, substantive issues for discussion, and did not submit required financial information or file delinquent returns as requested.

You did not provide a telephone number or contact the Settlement Officer on the date of the conference as requested. Mail forwarded to your address was not returned undeliverable, so it must be assumed that you received the conference letter.

Therefore, your case is being closed based upon the best information available in the file, and will be returned to Collection for appropriate action, unless you seek judicial review of our determination.

An attachment to the notice of determination stated in pertinent part:

BRIEF BACKGROUND

Notice of Intent to Levy and Your Right to a Hearing was sent April 9, 2005. Your timely request for a

Collection Due Process Hearing was received May 9, 2005, within the thirty-day timeframe set forth in Internal Revenue Code Section 6330.

A telephone conference intended to address collection alternatives was scheduled for October 27, 2005 by letter dated October 7, 2005. The letter advised you that you had to be in full compliance with all filing and payment requirements before alternatives to the proposed levy could be considered, and requested that you submit a completed Collection Information Statement so that collection alternatives could be explored.

It also advised you clearly that the issues you appeared to present in your hearing request were considered frivolous. The Settlement Officer enclosed a package entitled "The Truth About Frivolous Tax Arguments", noting that such arguments had been turned away uniformly by the court system.

You were also asked to advise the Settlement Officer concerning what relevant and legitimate issues you wished to discuss in the conference by submitting them in writing within fifteen days.

You did not file your 2003 and 2004 income tax returns, or pay any required 2005 Estimated Income Tax Payments. Neither did you submit a completed Collection Information Statement, or contact the Settlement Officer on the conference date, or beforehand to reschedule the conference.

Since you had been afforded ample opportunity to respond, the Settlement Officer determined that further efforts to obtain information and filing/payment compliance, or to conduct the hearing, were unwarranted.

### DISCUSSION AND ANALYSIS

Transcripts and the case history verify that:

1) the taxes at issue were assessed in accordance with IRC Section 6201, and that notice and demand for payment was mailed to your last known address timely in accordance with IRC Section 6303.

2) there were balances due when the CDP notice was

issued, as required by IRC Section 6322 and 6331(a), and that a levy source had been identified.

3) before any levy action was initiated, notice of intent to levy was issued in accordance with IRC 6331(d), which requires that taxpayers be notified of the intention to levy no less than thirty days before levy action is initiated.

4) Collection Due Process Notice was sent by certified mail, return receipt requested, to your last known address.

5) The Automated Collection Site attempted to resolve your case, but was unable to do so. Therefore, your file was forwarded for appeals consideration promptly upon receipt of your hearing request.

6) internal account transaction codes were entered timely to place your accounts in suspended status pending the outcome of the due process hearing

7) the Settlement Officer in this case has had no prior involvement with you concerning the taxes at issue in this due process proceeding, pursuant to requirements of IRC 6330.

ISSUES RAISED BY THE TAXPAYER

**1) no specific issues concerning liability or collection procedures were raised. Rather, you indicated only that you wished a face-to-face hearing, which you intended to tape record, and that details would be disclosed at the hearing.  You referenced only the tax reform act of 1998 as the reason for your hearing request.**

Finding:  Appeals is not obligated to address the types of nonspecific issues contained in your request, as you were advised in our conference letter.  You did not submit specific, legitimate issues for discussion in writing to qualify for a face-to-face conference.  You were offered an opportunity for a telephone conference, but failed to contact the Settlement Officer.

### 2) No other substantive issues were raised.

BALANCING THE NEED FOR EFFICIENT COLLECTION OF THE TAX WITH LEGITIMATE TAXPAYER CONCERN THAT COLLECTION AC-TIONS BE NO MORE INTRUSIVE THAN NECESSARY

Without question, the proposed levy would have been very intrusive, since it would have withdrawn funds that may have been needed to provide for basic health and welfare needs of the family, or production of income, thereby creating a potential financial hard-ship.

Therefore, it is the policy of the Internal Revenue Service to provide individual taxpayers ample opportu-nity to resolve their tax problems voluntarily before such action becomes necessary.

The file indicates that the Service made multiple, unsuccessful attempts to resolve your accounts on a mutually agreeable basis before levy action was pro-posed.

**Appeals has determined that issuance of the Notice of Intent to Levy and Your Right to a Hearing was appro-priate in your case, absent your cooperation to file returns or submit financial information.  Thus, levy appears to be the only efficient method to collect the tax.**  [Reproduced literally.]

#### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

In support of his position that respondent's motion should be denied, petitioner argues that in determining whether to grant respondent's motion the Court may not consider (1) the 2001 notice of deficiency and the 2002 notice of deficiency and

(2) Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect to each of petitioner's taxable years 2001 and 2002. In support of that argument, petitioner relies on <u>Robinette v. Commissioner</u>, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004).

In <u>Robinette</u>, the United States Court of Appeals for the Eighth Circuit, to which an appeal in this case would ordinarily lie, held that its review of whether the Commissioner of Internal Revenue (Commissioner) abused the Commissioner's discretion in determining to proceed with the collection action at issue in that case was to be limited "to that information which was before the IRS." <u>Id.</u> at 462. We shall follow <u>Robinette</u> in the instant case only if that opinion is squarely in point. <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

We turn first to petitioner's argument that under <u>Robinette v. Commissioner</u>, <u>supra</u>, the Court may not consider the 2001 notice of deficiency and the 2002 notice of deficiency in determining whether to grant respondent's motion. In support of that argument, petitioner asserts in petitioner's response:

> The Court should note the lack of any consideration <u>whatsoever</u> by Respondent in the Notice of Determination regarding the issue of any deficiency notice(s). The Notice of Determination does not refer <u>in any manner</u> to the existence, issuance, receipt, or non-receipt of any deficiency notice(s) for the years at issue. [Fn. ref. omitted.]

We reject petitioner's assertion that under <u>Robinette v. Commissioner</u>, <u>supra</u>, respondent's motion should be denied because the notice of determination did not refer to the 2001 notice of deficiency and the 2002 notice of deficiency.[6]  See, e.g., <u>Dues v. Commissioner</u>, T.C. Memo. 2005-109; <u>Poe v. Commissioner</u>, T.C. Memo. 2005-107; <u>Stoewer v. Commissioner</u>, T.C. Memo. 2003-71.  In each of those cases, the Commissioner issued a notice of deficiency to the taxpayer.  The notice of determination involved in each such case did not refer explicitly to any such notice.  Nonetheless, the Court granted the Commissioner's motion for summary judgment in each such case.  We hold that neither <u>Robinette v. Commissioner</u>, <u>supra</u>, nor any other authority precludes the Court's consideration of the 2001 notice of deficiency and the 2002 notice of deficiency in determining whether to grant respondent's motion.[7]

---

[6]Petitioner also raises a hearsay objection to the 2001 notice of deficiency and the 2002 notice of deficiency.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Respondent did not attach as exhibits to respondent's motion the 2001 notice of deficiency and the 2002 notice of deficiency for the truth of the matters asserted therein.  We reject petitioner's hearsay objection to the 2001 notice of deficiency and the 2002 notice of deficiency.

[7]We note that sec. 6330(c)(1) does not mandate that the Appeals Office provide a taxpayer with a copy of the verification upon which that office relied in satisfying the verification requirements of that section.  <u>Craig v. Commissioner</u>, 119 T.C. 252, 261-262 (2002).

Even if the Court were to decline to consider the 2001 notice of deficiency and the 2002 notice of deficiency attached as exhibits to respondent's motion, the declaration that was signed by the settlement officer (settlement officer's declaration) and that was attached to that motion establishes that the settlement officer considered whether a notice of deficiency was issued to petitioner with respect to each of his taxable years 2001 and 2002 and determined that such a notice was issued for each such year.  The settlement officer's declaration states in pertinent part:

> I verified through review of the Internal Revenue
> Service's administrative file and IDRS [integrated data
> retrieval system] information, including transcripts of
> petitioner's accounts,[8] copies of which are attached

---

[8]With respect to the "transcripts of petitioner's accounts" to which the settlement officer referred in the settlement officer's declaration, petitioner asserts:

> the alleged 'transcripts' * * * are nothing but indeci-
> pherable, computer coded gibberish.  If anyone is to
> make any sense of them, they must obviously be 'de-
> coded'.  Respondent has presented absolutely nothing
> for 'decoding' its 'transcripts'.  Moreover, there is
> nothing in the administrative record to indicate that
> any decoding actually took place, or, if any did take
> place, that it is correct.

We reject those assertions.  The respective "transcripts of petitioner's accounts" with respect to petitioner's taxable years 2001 and 2002 are coded computer-generated transcripts (coded transcripts of account) that show certain information in the official computer records of the Internal Revenue Service (IRS) with respect to those years.  The respective Forms 4340 with respect to petitioner's taxable years 2001 and 2002 are noncoded computer-generated transcripts that show certain information in those same official computer records with respect to those years.
(continued...)

hereto as Exhibit C,[9] that the 2001 and 2002 income taxes at issue, plus penalties and interest, had been properly assessed against petitioner after he was issued notices of deficiency for 2001 and 2002 and failed to contest the notices in Tax Court. * * *

At the time the determinations set forth in the notice of determination and the attachment to that notice were made, the settlement officer was aware of and relied upon, inter alia, respondent's issuance of the 2001 notice of deficiency and the 2002 notice of deficiency.[10]

---

[8](...continued) Although petitioner might not be able to decode the respective coded transcripts of account with respect to petitioner's taxable years 2001 and 2002, the settlement officer's declaration makes clear that the settlement officer was able to do so.

[9]Petitioner also raises an evidentiary objection under rule 1006 of the Federal Rules of Evidence (FRE) with respect to the respective coded transcripts of account relating to petitioner's taxable years 2001 and 2002. According to petitioner, each such transcript is a summary record within the meaning of that rule. FRE 1006 provides that the contents of voluminous writings that cannot conveniently be examined in court may be presented in summary form if the writing is made available for examination or copying, or both, by other parties at a reasonable time and place. The respective coded transcripts of account with respect to petitioner's taxable years 2001 and 2002 are not summary records within the meaning of FRE 1006. As discussed supra note 8, those respective transcripts are coded computer-generated transcripts that show certain information in the official computer records of the IRS with respect to petitioner's taxable years 2001 and 2002. We note that, even if we were to decline to consider the respective coded transcripts of account with respect to petitioner's taxable years 2001 and 2002, our findings and conclusions herein would not change.

[10]We reject petitioner's assertion that there is a genuine issue of material fact regarding whether, at the time the determinations set forth in the notice of determination and the attachment to that notice were made, the settlement officer considered respondent's issuance of the 2001 notice of deficiency
(continued...)

We turn now to petitioner's argument that under <u>Robinette v.</u>
<u>Commissioner</u>, 439 F.3d 455 (8th Cir. 2006), the Court may not
consider the respective Forms 4340 with respect to petitioner's
taxable years 2001 and 2002 in determining whether to grant
respondent's motion.  In support of that argument, petitioner
asserts in petitioner's response:

> this is a review of an administrative decision.  As
> such, the Court is limited to reviewing the conclusions
> made in the decision, the reasons given for the conclu-
> sions, and it must base its review on the same record
> that was considered by the administrative hearing
> officer.  See <u>Robinette v Commissioner</u>, 439 F.3d 455,
> 459 (8th Cir 2006).  Outside of limited exceptions, the
> Court may not conduct a trial de novo, make decisions
> in the first instance (i.e. decide issues not decided
> at the administrative level), or consider new materi-
> als/evidence not considered by the administrative
> hearing officer.  <u>Id</u>.  These limitations would neces-
> sarily exclude materials dated <u>after</u> the administrative
> decision, such as Respondent's exhibits E and F [Form
> 4340 with respect to petitioner's taxable years 2001
> and 2002] (which are dated March 2006; the administra-
> tive decision was issued December 2005).  [Fn. ref.
> omitted.]  [Reproduced literally.]

Petitioner's argument regarding the respective Forms 4340
with respect to petitioner's taxable years 2001 and 2002 appears
to be based on his misunderstanding as to what Form 4340 is.  As
discussed above, Form 4340 is a noncoded computer-generated
transcript that is generated on a specified date and that shows
(1) certain information in the official computer records of the

---

¹⁰(...continued)
and the 2002 notice of deficiency.  Petitioner does not assert
that there are any other genuine issues of material fact regard-
ing the questions raised in respondent's motion.

IRS with respect to a stated taxpayer for a particular taxable year regarding assessments, payments, and other specified matters and (2) the respective dates on which such respective assessments and payments were made and such other matters were undertaken. That Form 4340 is generated on a stated date does not mean that the information reflected in such form regarding assessments, payments, and other specified matters did not appear in the official computer records of the IRS, or that such assessments, payments, and other specified matters did not occur, before such stated date. The information that is shown in Form 4340 with respect to each of petitioner's taxable years 2001 and 2002 is information that appeared in the official computer records of the IRS on dates that preceded the date on which the settlement officer reviewed the administrative file and the information in the IRS's integrated data retrieval system relating to each such year. Such information pertained to assessments and payments made and other specified matters undertaken on the dates speci-fied in Form 4340 relating to each of petitioner's taxable years 2001 and 2002, all of which dates preceded the date on which the settlement officer made that review with respect to each of those years. We hold that neither Robinette v. Commissioner, supra, nor any other authority precludes the Court's consideration of Form 4340 with respect to each of petitioner's taxable years 2001

and 2002 in determining whether to grant respondent's motion.[11]

Petitioner does not dispute that respondent issued to him the 2001 notice of deficiency and the 2002 notice of deficiency, that he received such notices, and that he failed to file a petition in the Court with respect to such notices.[12]  Where, as is the case here, the validity of the underlying tax liability is

---

[11]Petitioner also raises evidentiary objections under FRE 1004 and FRE 1006 with respect to the respective Forms 4340 relating to petitioner's taxable years 2001 and 2002.  According to petitioner, each such form is (1) "other evidence" of the coded transcript of account with respect to each of petitioner's taxable years 2001 and 2002 within the meaning of FRE 1004 and (2) a summary record within the meaning of FRE 1006.

With respect to petitioner's objection under FRE 1004, that rule provides that other evidence of an original writing is admissible under certain circumstances.  We reject petitioner's argument that Form 4340 with respect to each of petitioner's taxable years 2001 and 2002 is other evidence of the coded transcript of account relating to each of those years within the meaning of FRE 1004.  See supra note 8.

With respect to petitioner's objection under FRE 1006, as discussed above, that rule provides that the contents of voluminous writings that cannot conveniently be examined in court may be presented in summary form if the writing is made available for examination or copying, or both, by other parties at a reasonable time and place.  We reject petitioner's argument that Form 4340 with respect to each of petitioner's taxable years 2001 and 2002 is a summary record within the meaning of FRE 1006.  See supra notes 8 and 9.

We note that Form 4340 with respect to each of petitioner's taxable years 2001 and 2002 is a self-authenticating document under FRE 902.  We further note that, even if we were to decline to consider each such form, our findings and conclusions herein would not change.

[12]Nor does petitioner dispute that he is liable for 2001 and 2002 for the respective deficiencies in, and the respective additions to, petitioner's tax that respondent determined in the 2001 notice of deficiency and the 2002 notice of deficiency.

not properly placed at issue, the Court will review the determination of the Commissioner for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable years 2001 and 2002.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we consider sua sponte whether the Court should impose a penalty on petitioner under that section. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

We believe that petitioner instituted and maintained the instant proceeding primarily for delay. We shall not impose a penalty under section 6673(a)(1) on petitioner. However, we caution him that he may be subject to such a penalty if in the

future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or groundless.  See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision will be entered for respondent.