T.C. Memo. 2005-161

UNITED STATES TAX COURT

MICHAEL BALICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15016-04L.                    Filed July 5, 2005.

Michael Balice, pro se.

<u>Kathleen K. Raup</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion). We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Metuchen, New Jersey, at the time he filed the petition in this case.

Petitioner and Marion Balice (Ms. Balice) jointly filed a Federal income tax (tax) return for the taxable year 1996 (1996 return). In the 1996 return, petitioner and Ms. Balice reported, inter alia, total income of $51,842, taxable income of $36,644, total tax of $6,710, and tax withheld of $8,296 and claimed an overpayment of tax of $1,586 and a refund of tax of $1,586.

On February 14, 2003, respondent issued to petitioner and Ms. Balice a notice of deficiency (notice) with respect to their taxable year 1996, which they received. In that notice, respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, the tax of Ms. Balice and petitioner for that year in the respective amounts of $28,625 and $5,725.

Petitioner[2] did not file a petition in the Court with respect to the notice relating to his taxable year 1996.

On July 21, 2003, respondent assessed petitioner's tax, as well as an accuracy-related penalty under section 6662(a) and interest as provided by law, for his taxable year 1996. (We

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]This case involves only petitioner, and not Ms. Balice. For convenience, we shall hereinafter refer only to petitioner, and not to petitioner and Ms. Balice.

shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after July 21, 2003, as petitioner's unpaid liability for 1996.)

Respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liability for 1996.

On November 6, 2003, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to his taxable year 1996.

On December 9, 2003, in response to the notice of tax lien, petitioner filed a request for a collection due process hearing (petitioner's request for an Appeals Office hearing) and requested a hearing with respondent's Appeals Office (Appeals Office).[3]  Petitioner's request for an Appeals Office hearing contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

By letter dated May 19, 2004, an Appeals officer with respondent's Appeals Office (Appeals officer) informed petitioner

---

[3]Petitioner did not use Form 12153, Request for a Collection Due Process Hearing.

[4]Petitioner's request for an Appeals Office hearing contained statements, contentions, arguments, and requests that are similar to the statements, contentions, arguments, and requests contained in the respective Appeals Office hearing requests filed under sec. 6320(b) and/or sec. 6330(b) with the Internal Revenue Service by certain other taxpayers who commenced proceedings in the Court.  See, e.g., Guerrier v. Commissioner, T.C. Memo. 2002-3.

that he had scheduled a telephonic Appeals Office hearing with petitioner on June 9, 2004, at 10 a.m., with respect to the notice of tax lien (scheduled Appeals Office hearing). On June 8, 2004, the day before the scheduled Appeals Office hearing, petitioner and petitioner's authorized representative telephoned the Appeals officer (June 8, 2004 telephone call).

On July 19, 2004, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6230 and/or 6330 (notice of determination). The notice stated in pertinent part:

> Based on the available facts Compliance followed the applicable procedures and the issuance of the Notice of Federal Tax Lien was proper and appropriate.

An attachment to the notice of determination stated in pertinent part:

> Summary and Recommendation
>
> Collection Due Process--Lien
>
> You submitted a timely Request for a Collection Due Process Hearing under Internal Revenue Code Section 6320 in response to a Notice of Federal Tax Lien Filing against a 1040 (Individual Income tax) liability for the year ending 12/31/96.
>
> Letter 3172, (Notice of Federal Tax Lien Filing) was issued by the Compliance Division of the Cherry Hill, New Jersey Field Office on November 6, 2003. Form 12153, (Request for a Collection Due Process Hearing) was received by Compliance on December 9, 2003.
>
> Summary of Issues
>
> You have raised no specific issues other than frivolous and groundless arguments.

Brief Background

Your liability is the result of an audit deficiency. As a result of an audit it was determined that an additional tax was due to omitted income related to what was determined to be an abusive trust.

Your account was subsequently assigned to Compliance for collection of the unpaid tax. Attempts were made by Compliance to resolve your liability. As one of its subsequent case actions Compliance filed a Notice of Federal Tax Lien. You responded by submitting a Request for a Collection Due Process hearing.

Compliance forwarded your case file along with all supporting documentation to the Newark, New Jersey Office of Appeals for consideration where your hearing request was assigned to a Settlement Officer who had no previous involvement with your account.

Requirement of Law and Administrative Procedures

Law

IRC Section 6321 provides for a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand. A review of your account transcript indicates that Notice and Demand for payment was made on the amount due for the year ending 12/31/96 and the obligation remained unpaid.

IRC Section 6320(a) provides that the Internal Revenue Service will notify a taxpayer of the filing of a Notice of Lien and of the Right to a Hearing before the Internal Revenue Service Office of Appeals with respect to the filing of a Notice of Federal Tax Lien. Such notification was given to you by Compliance by the issuance of Letter 3172 by certified mail, return receipt requested, on November 6, 2003.

In accordance with IRC Section 6330(c) you were given the opportunity to raise any relevant issue relating to the unpaid tax or the Notice of Federal Tax Lien at a telephone held on June 8, 2003.

A review of your account transcript indicates that the assessment was made on the applicable collection due process notice period in accordance with IRC Section

6201.

    *       *       *       *       *       *       *

Relevant issues presented by the taxpayer

You have raised no specific issues other than frivolous and groundless arguments.

On June 8, 2004 a telephone conference was held with your Representative, Yourself and the Settlement Office in attendance.  At that conference your representative continued to raise frivolous arguments and was advised that those arguments would not be considered within the context of the Collection Due Process Hearing.

In addition, in accordance with IRC Section 6330(2)(B), you are prohibited from disputing the underlying liability within the context of a Collection Due Process Hearing because you had a prior opportunity to do so, which you did not avail yourself of.  Upon the completion of your audit a Statutory Notice of Deficiency was issued which remained unanswered.

At the same conference you stated that you would like to file an amended income tax return and was advised to file such return through the Philadelphia Service Center or through the Office of Appeals.  A date of June 22, 2004 was established to submit the return.

As of the date of this letter you have not submitted any information to assist in resolving your account.

    *       *       *       *       *       *       *

Does the proposed collection action balance the need for the efficient collection of taxes with the taxpayer's legitimate concern that the collection action be no more intrusive than necessary?

The proposed Lien action balanced the need for the efficient collection of taxes and is no more intrusive than necessary.

Based on a review of the case activity records and case transcripts the proposed lien action was necessary in order to protect the government's interest.  Notice and demand was given and the liability remained unpaid.

Determination

Based on the facts of the case, the collection action taken was proper and appropriate. Compliance followed the applicable law and administrative procedures.

It is recommended that your account be reassigned to the Compliance for further collection action. [Reproduced literally.]

In response to the notice of determination, petitioner filed a petition with the Court. The petition contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

Although not altogether clear, petitioner may be taking the position that the Court should deny respondent's motion because there is a genuine issue of material fact, viz, whether the June 8, 2004 telephone call constituted petitioner's Appeals Office hearing under section 6320(b). Petitioner contends that it did not and that the Court should remand this case to the Appeals

---

[5]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's petition are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in the respective petitions filed with the Court by certain other taxpayers. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46.

Office for a hearing under that section. Respondent disagrees on both points.

We need not resolve the issue of whether the June 8, 2004 telephone call constituted an Appeals Office hearing under section 6320(b). We conclude that that issue is not material to our determining whether to grant respondent's motion. Throughout the period starting at least as early as petitioner's filing with respondent petitioner's request for an Appeals Office hearing and ending with his filing with the Court petitioner's response to respondent's motion (petitioner's response), petitioner has made statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless. We conclude that (1) it is not necessary and will not be productive to remand this case to the Appeals Office for a hearing under section 6320(b), see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), and (2) it is not necessary or appropriate to reject respondent's determination to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 1996, see id.

We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the notice of deficiency that respondent issued to him relating to his taxable year 1996. Where, as is the case here,

the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 1996.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we now consider sua sponte whether the Court should impose a penalty on petitioner under that section.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

Although we shall not impose a penalty under section 6673(a)(1) on petitioner in the instant case, we caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or

groundless. See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.[6]

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's</u>

<u>motion and decision for respondent</u>

<u>will be entered</u>.

---

[6]We shall, however, address one of petitioner's arguments in petitioner's response. Petitioner argues in petitioner's response that the Appeals officer did not provide him with the summary record of assessment with respect to petitioner's unpaid liability for 1996. Respondent is not required to provide petitioner with the summary record of assessment. See <u>Koff v. United States</u>, 3 F.3d 1297, 1298 (9th Cir. 1993); <u>Roberts v. Commissioner</u>, 118 T.C. 365, 370 n.7 (2002), affd. 329 F.3d 1224 (11th Cir. 2003).

While not altogether clear, petitioner may also be arguing that respondent's collection action with respect to petitioner's taxable year 1996 may not be valid because he did not receive certain documentation to which he is entitled under sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs. On the record before us, we reject any such argument. On Nov. 6, 2003, respondent issued to petitioner a notice of tax lien. The third page of the notice of tax lien set forth, inter alia, petitioner's name, the date of assessment, the character of the liability assessed, the taxable period, and the total of the amounts assessed. We conclude that petitioner received the documentation to which he is entitled under sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs. See <u>Roberts v. Commissioner</u>, <u>supra</u>.