T.C. Memo. 2015-46

UNITED STATES TAX COURT

MICHAEL BALICE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22235-13.                    Filed March 16, 2015.

Michael Balice, pro se.

<u>Kathleen K. Raup</u> and <u>Ina Susan Weiner</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  With respect to petitioner's Federal income tax for 2007 and 2008, the Internal Revenue Service (IRS or respondent) determined deficiencies and additions to tax under section 6651[1] in the following amounts:

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect for the tax years at issue, and all Rule references are to the

(continued...)

[*2]                                                    Additions to tax

| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6651(f) |
|------|-----------|-----------------|-----------------|--------------|
| 2007 | $35,947 | $8,088 | $8,987 | $26,062 |
| 2008 | 3,810 | 857 | 953 | --- |

Petitioner marketed during these years products that purported to enable individuals to avoid taxation of their income by use of sham "trusts." Practicing what he preached, petitioner employed these trusts himself. He reported no income from sale of his tax evasion products to others, and he did not file a Federal income tax return for either year. He was convicted of tax crimes and is currently incarcerated.

The IRS reconstructed petitioner's income on the basis of his bank deposits, prepared for each year a substitute for return (SFR) that met the requirements of section 6020(b), and sent petitioner a notice of deficiency determining the deficiencies and additions to tax set forth above. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of fact and that he is entitled to judgment as a matter of law. Petitioner has responded to this motion by contending (among other things) that he is not subject to IRS deficiency

[1](...continued)
Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[*3]** procedures and that wages are not "income" because they result from the exercise of his "irrefutable right to work." We will grant the motion for summary judgment and sustain the tax deficiencies and additions to tax determined by the IRS. We will also require petitioner to pay under section 6673(a) a penalty to the United States in the amount of $25,000 for asserting frivolous positions in this Court.

Background

There is no dispute concerning the following facts. These facts are derived from the parties' pleadings and motion papers, from undenied allegations of respondent's amended answer that petitioner is deemed to have admitted, and from the declaration and the attached exhibits that respondent filed in support of his summary judgment motion. Petitioner resided in a Federal correctional facility in Fort Dix, New Jersey, when he petitioned this Court.

During the tax years at issue petitioner was a principal of Mid-Atlantic Trustees and Administrators (MATA). MATA sold products, including the "Pure Trust Organization" (PTO), designed to assist individuals in evading their Federal tax obligations. Income from the sale of MATA's products was deposited into a Bank of America account ending in 6819 titled to "MATA Irrevocable Trust" of which petitioner was a trustee (MATA account).

[*4]   Petitioner maintained and exercised control over two other bank accounts during these years.  One was a Bank of America account ending in 5571 titled to "Maple Avenue Funding Irrevocable Trust" of which petitioner was a trustee (Maple Avenue account).  The second bank account was a Bank of America account ending in 4916 titled to Michael Balice (Balice account).  Petitioner was a signatory to both of these accounts.

Between January 1, 2007, and December 31, 2007, $144,650 in cash was transferred from the MATA account to the Maple Avenue account and the Balice account.  As shown in the relevant bank statements, this movement of funds into the Maple Avenue account and the Balice account was effected in 40 separate transactions by check or inter-account transfer.

Between January 1, 2008, and December 31, 2008, $37,000 in cash was transferred from the MATA account to the Maple Avenue account and the Balice account.  As shown in the relevant bank statements, this movement of funds into the Maple Avenue account and the Balice account was effected in 13 separate transactions by check or inter-account transfer.

On the basis of these transfers into bank accounts over which petitioner exercised control, the IRS determined that petitioner had received income of $144,650 and $37,000 in 2007 and 2008, respectively.  For the 2007 taxable year

[*5] the IRS received from Chase Bank USA a Form 1099-C, Cancellation of Debt, reporting that petitioner also had cancellation of indebtedness income of $3,411 in 2007 from Chase Bank USA.

On June 10, 2011, a superseding indictment was filed against petitioner in United States v. Balice, No. 2:10-CR-00485-02, in the U.S. District Court for the District of New Jersey. Count 13 of this indictment described petitioner's use of the PTO tax evasion scheme and charged him with criminal tax evasion for 2007 in violation of section 7201. On June 20, 2011, a jury found petitioner guilty of (among other things) violating section 7201 for the 2007 taxable year. On January 9, 2013, the District Court entered its amended judgment pursuant to the verdict.

On May 30, 2012, the IRS prepared SFRs for petitioner for 2007 and 2008 and executed for each year the certification required by section 6020(b). These returns constituted valid Federal income tax returns of petitioner for 2007 and 2008. On July 2, 2013, the IRS timely mailed petitioner a notice of deficiency based on these SFRs, determining tax deficiencies for each year and additions to tax for fraudulent failure to file (for 2007), for failure to file timely (for 2008), and for failure to pay timely (for both years).[2]

---

[2]Respondent asserted an addition to tax under section 6651(a)(1) for 2007 in the event we do not sustain the fraudulent failure-to-file penalty.

**[\*6]**  On September 23, 2013, petitioner timely petitioned this Court for review of the notice of deficiency.  As the basis for his disagreement with respondent's determinations, petitioner stated as follows:

> Petitioner is not the person made liable by law under IRC §§1461 & 1463 for the payment of the tax, or the penalty.  The deficiency violates IRC §§ 6211 and 6212 because it has been based on Subtitle C wages, not Subtitle A.  Per IRC §§ 6001 and 6011, Petitioner is not a person required by law to file a tax return because he has no statutory liability for the payment of any tax.  IRC § 6020(b) has been violated as there is no subscribed SFR.  IRM 5291 has been violated as Form 1040 is not authorized for use as an SFR document under IRC § 6020(b).  Petitioner did not earn the wages defined under IRC § 1441(b) that are subject to the Subtitle A based deficiency calculated under IRC § 6211.  Petitioner disputes the application of the deficiency authority, and the income tax law, as a direct tax without apportionment, which is still controlled and prohibited by Article I of the U.S. Constitution.

On July 16, 2014, the Court granted respondent's motion for leave to file an amendment to answer, which sets forth the details of petitioner's tax evasion scheme and criminal conviction and makes (among others) the following affirmative allegation:

> The prior criminal conviction of petitioner under I.R.C. § 7201 for the taxable year 2007 is conclusive and binding on petitioner, and by reason thereof petitioner is estopped in the instant case, under the doctrine of collateral estoppel (estoppel by judgment), from denying herein that he fraudulently failed to file an income tax return for the taxable year 2007 under I.R.C. § 6651(f) and that, therefore, petitioner is liable for the addition to tax imposed by I.R.C. § 6651(f).

**[*7]** Respondent's amendment to answer also alleges affirmatively that "[p]etitioner received income of $148,061 in 2007." This represents the sum of the income petitioner received from MATA ($144,650) and the income he realized from cancellation of indebtedness ($3,411).

Our order granting respondent leave to amend his answer also ordered petitioner to file, by August 29, 2014, a reply to the first amendment to answer. This order warned petitioner that if he "fails to file a reply, every affirmative allegation set out in the First Amendment to Answer may be deemed admitted under Tax Court Rule 37(c)." Petitioner did not file a reply to the first amendment to answer; instead, he filed a 129-page "Memorandum at Law on Federal Income Taxation and the Personal Federal Income Tax." This document contains the usual gibberish embraced by tax protesters. On September 12, 2014, respondent moved for entry of an order under Rule 37(c) that petitioner be deemed to have admitted the undenied affirmative allegations of the first amendment to answer. We granted that motion on September 17, 2014.

On October 9, 2014, respondent filed a motion for summary judgment, to which petitioner responded on November 10, 2014. His response asserts that there exist "many factual disputes" but makes no reference whatever to the actual facts of this case. Rather, the "factual disputes" he alleges are said to concern (for ex-

[*8] ample) whether "the original income tax legislation was enacted under a tariff act, as a tariff, or not"; whether "section 1461 identifies the persons who are actually made liable" for payment of income tax; whether sections 6001 and 6011 "require a liability for a tax to be determined to exist as a prerequisite to a person being required to file returns or keep records"; whether "wages" constitute "income"; and whether "the improper creation and unauthorized substitute for return documents in this case by the IRS employees constitutes evidence of a crime."

## Discussion

### A.    Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but rather must set forth specific facts, by affidavits or otherwise,

**[\*9]** "showing that there is a genuine dispute for trial." In light of respondent's motion, his supporting declaration and exhibits, the deemed admission by petitioner of the undenied affirmative allegations of the first amendment to answer, and petitioner's response to the summary judgment motion, which alleges no colorable dispute as to any material fact, we conclude that this case may be adjudicated summarily.

B.    Unreported Income

The IRS' determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving those determinations errone-ous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). For this pre-sumption to adhere in cases involving receipt of unreported income, respondent must provide some predicate evidence connecting the taxpayer to the income-producing activity. See, e.g., De Cavalcante v. Commissioner, 620 F.2d 23 (3d Cir. 1980), aff'g T.C. Memo. 1978-432; Tucker v. Commissioner, T.C. Memo. 2014-51, at \*12. Once respondent has produced evidence linking the taxpayer to an income-producing activity, the burden of proof shifts to the taxpayer to prove by a preponderance of the evidence that respondent's determinations are arbitrary or erroneous. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Tokarski v. Commissioner, 87 T.C. 74 (1986).

**[*10]** Respondent has supplied bank records demonstrating that cash of $144,650 for 2007 and $37,000 for 2008 was transferred from the MATA account into the Maple Avenue account and the Balice account, over which petitioner had signatory authority and exercised control. Respondent has supplied evidence that the IRS received from Chase Bank USA a Form 1099-C for 2007 reporting that petitioner realized cancellation of indebtedness income of $3,411 in 2007. These records establish that petitioner received, but did not report, income of $148,061 for 2007 and $37,000 for 2008.

On the basis of this credible evidence, we are satisfied that the IRS' determinations set forth in the notice of deficiency are entitled to the general presumption of correctness. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Powerstein v. Commissioner, T.C. Memo. 2011-271. Petitioner's response to the motion for summary judgment does not allege any dispute as to the correctness of the IRS' determinations. Indeed, for 2007, petitioner is deemed to have admitted the allegation in the first amendment to answer that he "received income of $148,061 in 2007," representing the sum of his cancellation of indebtedness income ($3,411) and the income he received from MATA ($144,650). We will accordingly sustain respondent's determination of unreported income for each year.

[*11] C.    Additions to Tax

1.    Failure To File

Section 6651(a)(1) provides for an addition to tax when a taxpayer fails to file a return timely, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  Late filing of a return is due to reasonable cause "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  For each month or fraction thereof for which such failure continues, section 6651(a)(1) adds 5% of the tax required to be shown on such return, up to a maximum addition of 25%.  "If any failure to file any return is fraudulent," however, the monthly addition to tax rises from 5% to 15%, and the maximum aggregate addition to tax is increased to 75%.  Sec. 6651(f)(1) and (2).  Respondent bears the burden of proving fraud by "clear and convincing evidence."  Reedy v. Commissioner, T.C. Memo. 2008-100.

Respondent has shown, and petitioner does not dispute, that he failed to file Federal income tax returns for 2007 and 2008.  Petitioner does not contend, and he could not plausibly contend, that he exercised "ordinary business care and prudence" in the discharge of his Federal tax obligation for either year.  For 2007 petitioner was convicted under section 7201 of wilfully attempting to evade or

**[*12]** defeat his Federal income tax obligation, and he is thus collaterally estopped from denying that his failure to file for that year was fraudulent. See DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2d Cir.1992). In any event, petitioner is bound by his deemed admission of the affirmative allegations in respondent's first amendment to answer that "petitioner is liable for the addition to tax imposed by I.R.C. § 6651(f)." See Doncaster v. Commissioner, 77 T.C. 334, 336-340 (1981) (noting that deemed admissions under Rule 37(c) are sufficient to satisfy respondent's burden of proving fraud). We accordingly sustain respondent's determination that petitioner is liable for additions to tax of $26,062 for 2007 under section 6651(f) and $857 for 2008 under section 6651(a)(1).

2.      Failure To Pay

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to pay timely the tax shown on a return, unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect. A substitute for return prepared by the IRS pursuant to section 6020(b) is treated as the "return" filed by the taxpayer for purposes of section 6651(a)(2). See sec. 6651(g). For each month or fraction thereof for which a failure to pay continues, section 6651(a)(2) adds

[*13] 0.5% of the tax required to be shown on such return, up to a maximum addition of 25%.

Respondent has shown, and petitioner does not dispute, that he failed to pay his Federal income obligations for 2007 and 2008. Respondent has established that the IRS prepared for each year an SFR that met the requirements of section 6020(b). Petitioner does not contend, and he could not plausibly contend, that his failure was due to "reasonable cause." We accordingly sustain the section 6651(a)(2) additions to tax.

D.    Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 if it appears that he has instituted or maintained proceedings primarily for delay or the taxpayer's position "is frivolous or groundless." The purpose of section 6673 is to compel taxpayers to conform their conduct to settled tax principles and to deter the waste of judicial resources. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Salzer v. Commissioner, T.C. Memo. 2014-188.

Petitioner was previously before this Court in Balice v. Commissioner, T.C. Memo. 2005-161, 90 T.C.M. (CCH) 1, where he challenged a notice of Federal tax lien. In granting the Commissioner's motion for summary judgment, the Court

**[*14]** noted that petitioner advanced contentions "that the Court finds to be frivolous and/or groundless."  90 T.C.M. (CCH) at 3.  We then considered sua sponte whether to impose on petitioner a penalty under section 6673(a)(1). Although we decided not to impose a penalty in that case, we warned petitioner "that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or groundless."  Ibid.

On July 9, 2014, respondent filed in the instant case a motion for protective order.  This motion represented that petitioner had served a request for answers to interrogatories demanding that respondent admit or deny propositions that included multiple variations on the following themes:  (1) section 61 does not contain the word "wages" or "liable"; (2) petitioner is not a "person" who is liable for tax; (3) petitioner's wages are not "wages" subject to tax under subtitle A; and (4) petitioner's wages are not subject to statutory deficiency procedures.  Contentions like these are a familiar refrain of the tax-protest movement.  See, e.g., Bonaccorso v. Commissioner, T.C. Memo. 2005-278; Copeland v. Commissioner, T.C. Memo. 2003-46; Guerrier v. Commissioner, T.C. Memo. 2002-3; Smith v. Commissioner, T.C. Memo. 2000-290; Rev. Rul. 2007-20, 2007-1 C.B. 863.  Respondent submit-

**[\*15]** ted that he should not be required to answer these interrogatories because they were designed to burden the IRS and constituted abuse of the judicial system.

On July 16, 2014, we granted respondent's motion for a protective order and advised petitioner that "[t]he Court will also consider, as part of its ultimate decision in this case, whether petitioner should be required to pay a penalty under section 6673(a)(1) for the frivolous positions he has maintained in this case to date." We warned petitioner that, "if he continues to maintain such frivolous positions, the magnitude of the penalty considered by this Court will increase."

Despite these warnings petitioner has continued to make submissions to this Court--including the documents he filed on July 31, August 4, August 11, September 26, and November 11, 2014--that contain numerous arguments that are utterly frivolous. We will accordingly require him to pay under section 6673(a)(1) a penalty to the United States in the amount of $25,000.

To reflect the foregoing,

An appropriate order and decision will be entered.